[No. 15721.   Department One.—April 29, 1895.]

KATHRYN SINNOTT, RESPONDENT, v. J. F. COLOMBET, TREASURER OF THE CITY OF SAN JOSE, APPELLANT.

SCHOOL LAW—KINDERGARTEN—PRIMARY SCHOOLS—SPECIAL INSTRUCTION —POWER OF BOARD OF EDUCATION—SAN JOSE.—Under section 1617, subdivision 9, of the Political Code, and section 1662 of the same code, as amended in 1893, which are controlling in the city of San Jose, as elsewhere, the board of education of that city has power to adopt the kindergarten as part of the public primary schools, and to provide for the admission of children of kindergarten classes to be instructed by teachers provided with a special certificate authorizing the holder to teach the kindergarten system as a special study.

ID.—MEANING OF KINDERGARTEN—JUDICIAL NOTICE.—The court will take judicial notice of the significance of the word "kindergarten," and that the term applies to a system elaborated for the instruction of children of very tender years, guiding their inclination to play into organized movement, and investing games with an ethical and educational value.

ID.—QUALIFICATION OF KINDERGARTEN TEACHER—CLASSES IN PRIMARY SCHOOLS—CERTIFICATE FOR SPECIAL BRANCH—AUTHORITY OF COUNTY BOARD.—Although the kindergarten system, when adopted, is to be regarded as part of the public primary schools of the school district, yet it is not essential that the teacher of the kindergarten classes must have a certificate authorizing her to teach the whole primary school course before she can be eligible to employment as a teacher in the

kindergarten; but, under section 1771 of the Political Code, the county board of education has authority to grant a certificate to teach kindergarten classes as a special branch required by a city board of education.

ID. — PAYMENT OF KINDERGARTEN TEACHER — PRIMARY SCHOOL FUND — MANDAMUS.—The kindergarten classes being a part of the primary schools, a warrant drawn by the b'oard of education upon the treasurer of the city against a fund in his hands known as the "Grammar and Primary School Fund" must be paid out of that fund, and, upon refusal of the city treasurer to pay the same, a writ of mandamus will issue compelling such payment.

ID.—TIME OF LEVY OF TAX IMMATERIAL.—It is immaterial that the kindergarten class or system had no existence in the primary schools at the time when the tax was levied to raise a fund for the expenses and teachers' salaries of the grammar and primary schools of the city.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion.

*H. V. Morehouse, Hiram D. Tuttle, John E. Richards,* and *Morehouse, Tuttle & Richards,* for Appellant.

*Wilcox & Patton,* and *H. A. Mason,* for Respondent.

BRITT, C.—Appeal by defendant from a judgment awarding a peremptory writ of mandate requiring him, as treasurer of the city of San Jose, to pay a warrant drawn on him by the board of education of the school district constituted by, and in turn comprising, said city in favor of plaintiff for services rendered by her as teacher in a certain kindergarten school of the district. From the agreed statement of facts on which the case was submitted in the court below the following matters, among others, appear: Said board of education is chosen under the provisions of the charter of the city of San Jose (Stats. 1873–74, p. 395) as required by section 1616 of the Political Code. The power to employ teachers in the district is vested in such board exclusively. Since November 25, 1893, plaintiff has been the holder of a special certificate issued to her by the county board of education of Santa Clara county, by the terms of which plaintiff is "entitled to teach any

kindergarten class of the public schools" in said county; she has no other teacher's certificate. On December 8, 1893, said city board of education adopted the following order: "*Resolved,* That the kindergarten system be, and the same is hereby, adopted as a special study to be taught in the public schools of the school district of the city of San Jose in the county of Santa Clara, and that classes be organized wherein such special study shall be solely taught. *Be it further resolved,* That no teacher be employed to teach such classes and to teach such special study, unless such teacher shall be provided with a special certificate, issued by the proper authority, authorizing the holder thereof to teach the kindergarten system as a special study in the public schools of said school district, and to teach kindergarten classes in said schools, and that no other certificate be required." Thereupon, said city board of education caused kindergarten classes to be organized wherein such special study is solely taught in separate school buildings devoted to that purpose.

About December 11, 1893, plaintiff was employed by said city board as teacher in one of the kindergarten schools so established, for a term commencing on that date and to end June 30, 1894, and performed the duties pertaining to such employment from the commencement thereof to January 5, 1894, and earned during that time, at the agreed rate of compensation, the sum of sixty-seven dollars and fifty cents. For this sum said board drew its warrant in plaintiff's favor on defendant, as treasurer of the city, against the fund in his hands known as the " Grammar and Primary School Fund"; which warrant, upon presentation, he refused to pay; hence this proceeding.

Said fund consists of all moneys levied and collected by the city of San Jose for school purposes within its limits other than for the maintenance of high schools. Defendant, as treasurer, holds money belonging to such fund, several thousands of dollars in amount, which was collected by the municipal authorities as a tax upon the

property within the city for the purposes of said fund. At the time of the levy of such tax those authorities (the common council, we assume) "failed, refused, and neglected to levy any separate tax for kindergarten schools, as such, in the city."

Appellant maintains, as we understand his argument, that the board of education had no power to adopt the resolution of December 8, 1893; that, if it had such power, still the kindergarten classes form no part of the grammar and primary school system of the district, and hence moneys raised for the support of the grammar and primary schools cannot be used to pay for instruction of the kindergarten classes; and, if it be held that the kindergarten is part of the primary schools, yet the judgment is wrong because plaintiff had no certificate authorizing her to teach in those schools.

The case does not disclose the character of instruction had in view by the terms of the resolution further than the same may be inferred from the word "kindergarten"; but we think we may take judicial cognizance of its significance, as the supreme court of Colorado has apparently done. (*In re Kindergarten Schools*, 18 Col. 234.) Thus informed, we find that the term "kindergarten" (meaning literally "a garden of children") was devised by Friedrich W. A. Froebel, German philosopher and educator, to apply to a system which he elaborated for the instruction of children of very tender years. "Children's garden" ought to be taken in its allegorical sense. The child is a plant, the school is a garden, and Froebel calls teachers "gardeners of children." (Compayré, History of Pedagogy, sec. 537, Payne's translation.) "He saw that the child's inborn desire for activity manifests itself in play, and that children love to play together. His system, therefore, guides this inclination into organized movement, and invests the games (unknown to the child) with an ethical and educational value, teaching, besides physical exercises, the habits of discipline, self-control, harmonious action and purpose,

together with some definite lesson of fact." (Sennenschein's Cyclopedia of Education, 169.)

The law governing the board warranted its action in adopting such a system into the methods of the schools under its supervision whether we look to the same as written in the city charter or in the Political Code, and it need not be determined which controls, if either is exclusive of the other, as seems to be held by the appellant. The city forms a school district governed by the city board of education. (Pol. Code, sec. 1576, amended; Stats. 1893, p. 245.) It is declared by the charter that the board of education shall have power "to make, establish, and enforce all necessary and proper rules and regulations, not contrary to law, for the government and management of the public schools within the said city, and for carrying into effect laws relating to education; . . . . . and to determine the course of study and mode of instruction to be pursued in said schools." (Stats. 1873–74, p. 415.) By section 1665 of the Political Code, amended in 1893, instruction in certain branches of study is made compulsory "in the several grades in which each may be required"; and section 1666, also then amended, reads: "Other studies may be authorized by the board of education of any county, city, or city and county; but no such studies shall be pursued to the neglect or exclusion of the studies in the preceding section specified." (Stats. 1893, p. 254.) Sections 1617, subdivision 9, and 1662 (amended in 1893), of the same code, are controlling in the city of San Jose as elsewhere; they provide for the admission of children to kindergarten classes "in cities and towns in which the kindergarten has been adopted or may hereafter be adopted, as part of the public primary schools" (Stats. 1893, pp. 249, 253, 254); thus recognizing that the proper governing body may adopt the kindergarten as an integral part of the primary schools.

Since the "kindergarten system" has for its object the purposes above briefly indicated, and as those purposes seem appropriate for pursuit in the primary schools,

and as the law evidently contemplates that such system, when adopted, shall be regarded " as part of the public primary schools," we consider that the kindergarten classes mentioned in the resolution of the board of education became, when organized, classes in the primary schools of the district.   The mere fact that such classes were instructed in separate buildings, and that the special study mentioned in the resolution was "solely taught" in those classes, does not render such course obnoxious to the restrictive clause of section 1666 of the Political Code, as supposed by counsel for appellant; it may well be that the branches, some or all of them, specified in the preceding section 1665 are not, and should not be, required in the grade to which the kindergarten classes properly belong, and, if so, are not compulsory under that section; besides, *non constat* but that the children in the kindergarten who have sufficient capacity may receive in other classes and other buildings instruction in such of the studies named in section 1665 as their minds are prepared to comprehend.

But it does not follow because the provision made by the board for the kindergarten system incorporates such system into the primary schools of the district, that therefore the plaintiff must have a certificate authorizing her to teach the whole primary school course before she could be eligible to employment as a teacher in the kindergarten.   Under section 1771 of the Political Code the county board of education has authority to grant certificates, valid for six years, which entitle the holder to teach such special branches as may be required by city boards of education.   In this instance the plaintiff held a certificate entitling her to teach kindergarten classes, and the city board has required instruction appropriate to such classes as a "special branch."   We see no conflict between the portion of said section 1771 referred to and sections 6 and 7 of article IX of the constitution of the state.   The certificate of fitness to teach any kindergarten class in the case before us is a certificate of fitness to teach a special branch or study in the

primary schools; she was employed to teach that branch and none other, and could not have been lawfully required to give instruction in any other; and no provision of law is brought to our attention which requires the plaintiff to hold a certificate of qualification to teach any subject which she was not legally bound to teach if pupils should offer themselves for instruction therein.

The fund in the hands of appellant, and against which the warrant in plaintiff's favor was drawn, is subject to the disposition of the board of education for the payment of the proper expenses, including teachers' salaries, of the grammar and primary schools of the city, and since as we hold the kindergarten is, in virtue of the order of the board, incorporated as a substantive part of the primary schools, the fund was lawfully drawn upon to pay the compensation due the plaintiff for teaching the kindergarten classes (see sections 61–64 of the city charter, Stats. 1873–74, p. 417); and it is immaterial that the kindergarten classes or system had no existence in those schools at the time the tax to raise the fund in question was levied.

The judgment should be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.