THE STATE OF KANSAS V. JOHN McCOWEN, *as Guardian, etc.*

No. 14,282.   (80 Pac. 954.)

SYLLABUS BY THE COURT.

PRACTICE, PROBATE COURT—*Appeal.* Prior to the act of 1905 "providing for appeals from the probate courts in matters pertaining to lunatics and habitual drunkards" no such right existed.

Error from Franklin district court; CHARLES A. SMART, judge. Opinion filed May 6, 1905. Affirmed.

*C. C. Coleman,* attorney-general, for The State.

*William H. Clark,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: The question involved is whether, prior to the act of 1905 "providing for appeals from the probate courts in matters pertaining to lunatics and habitual drukards," there might be an appeal from the order of a probate court refusing to allow a claim against a lunatic's estate. The state of Kansas desired the allowance of a claim against John McCowen, as guardian of the person and estate of William H. Walker, an insane person, for a sum due

32—71 KAN.

it for board, clothing and care furnished to the insane person in the Topeka state hospital. This claim was disallowed by the probate court. An appeal was taken to the district court, where it was dismissed because the statute, as it then was, made no provision for such appeal. The state claims that this action was erroneous; as the appeal was authorized by two sections of the statute.

Chapter 37 of the General Statutes of 1901 is entitled: "An act respecting executors and administrators, and the settlement of the estates of deceased persons." Section 188 of that chapter provides for appeals from the decision of the probate court to the district court in twelve specified cases, each of which relates to matters within the jurisdiction of the probate court as conferred in said chapter; then follows this general language: "And in all other cases where there shall be a final decision of any matter arising under the jurisdiction of the probate court, except in cases of *habeas corpus* and injunction." It is claimed that inasmuch as this chapter and the one concerning lunatics and drunkards took effect upon the same day they are *in pari materia,* and this general provision for appeals must be carried over to matters arising under the latter act. We do not think this construction a proper one. Evidently this general clause, following as it does the specific enumeration of a long list of appeals allowed in questions arising only under the executors' act, refers to such other matters as may arise under the same act, and not to all questions that might be passed upon by the probate court by virtue of any other act.

Again, it is claimed that the provision for an appeal found in chapter 46, which is the act relative to guardians and wards, applies, and warrants an appeal in this case. This language is found in section 26 of that act: "An appeal may be taken to the district court from any order or decision of the probate court

The State v. Snelling.

in any matter arising under this act," etc.   By its terms this section clearly limits the right of appeal granted thereby to matters arising under the act of which it is a part, concerning guardians and wards, and cannot be carried over and applied to the provisions of an independent act.

We are of the opinion that the trial court was correct in its conclusion that an appeal in this case was not provided for by the statute; that the act concerning lunatics and drunkards makes no provision for an appeal (*McClun v. Glasgow*, 55 Kan. 182, 40 Pac. 329), and until the enactment of the act of 1905 no such provision existed.   It seems that such was the conclusion of the legislature of 1905, for it made specific provision for such appeal by the act cited.

The judgment of the lower court is affirmed.

All the Justices concurring.