

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 5, 1947

Hon. John H. Winters, Executive Director
State Department of Public Welfare
Austin, Texas

Opinion No. V-327

Re: Licensing of private
kindergartens under
Article 4442a, Ver-
non's Civil Statutes.

Dear Mr. Winters:

Your letter of July 22 makes the following re-
quest for an opinion:

"We shall appreciate your opinion with
reference to the application of Article 4442a,
Vernon's Texas Civil Statutes, with respect
to private kindergartens.

"Article 4442a, Vernon's Texas Civil Stat-
utes, provides for the inspection and licensing
of day nurseries for the care and custody of
children. The responsibility for making the in-
spections and approving the licenses was origi-
nally placed upon the State Board of Health,
but this responsibility was later transferred
to the State Department of Public Welfare.

"Article 2919 of Vernon's Texas Civil Stat-
utes provides for the establishment of free kin-
dergartens in school districts to be conducted
in connection with the public schools; however,
so far as we have been able to determine the
statutes make no provision for the establishment,
maintenance, management, and supervision of pri-
vate kindergartens.

"Up to this time the State Department of
Public Welfare has not considered it within the
scope of Article 4442a to inspect and license

private kindergartens. We have unofficially defined a kindergarten as a place maintained for the purpose of training children of pre-school age. Since the children are usually not required nor allowed to remain at the kindergarten for longer than four hours, and since the teacher is usually required to have a teacher's certificate, we have not classified such places as day nurseries for the care and custody of children; therefore, it has been the interpretation of the Department that kindergartens did not come within the scope of this article requiring inspection and license by the State Department of Public Welfare.

"The question has been raised as to the responsibility of the State Department of Public Welfare in this connection on the basis that the kindergartens come within the following provision of Article 4442a:

"'. . . or other place for the care and custody of children under fifteen years of age . . .'

"In your opinion, is the State Department of Public Welfare required by law to make inspections and grant licenses to private kindergartens in the state?"

Your succinct "unofficial" definition of a kindergarten "as a place maintained for the purpose of training children of pre-school age" coincides with the conception of a kindergarten as found in the few reported cases considering the matter. From Words and Phrases, Volume 23, we quote a cited excerpt from the case of Los Angeles County vs. Kirk, 83 P. 250, 251, 148 Cal. 385, which is typical of and synonymous with other definitions therein set out:

"The term 'kindergarten' was devised to apply to a system elaborated for the instruction of children of very tender years, which by guiding their inclination to play into organized movement, and investing their games with an ethical and educational value, teaches, besides physical exercises, habits of discipline, self-control, harmonious action and purpose, together with some definite lesson of

fact. It is apparent that the work contemplated by such a system is purely preliminary to, and entirely different in character from, the ordinary work of the common school, and is in fact designed to fit very young children, whose minds and bodies are, solely because of their tender age, not yet capable of the instruction contemplated in an ordinary school, for such school work."

Assuming that the institutions under consideration are of the character outlined, and that their purpose and function is primarily the teaching of young children for periods of a few hours daily, we will consider whether or not such an institution is contemplated by the provisions of Article 4442a, Vernon's Civil Statutes, Section 1, from which you have quoted and which reads in part:

"Every person, association or corporation, whether operating for charity or revenue, who shall own, conduct or manage a day nursery, children's boarding home, or child placing agency, or other place for the care or custody of children under fifteen years of age, . . . shall obtain an annual license . . . ." (Emphasis supplied).

As you state, the foregoing statute originally placed licensing and supervisory responsibilities with the State Board of Health. But by various enactments, and the establishment of the Child Welfare Division of the State Department of Public Welfare, those responsibilities now lie with the Department of Public Welfare. While originally considered as related to matters of health, other provisions of Article 4442a, deal with matters other than health, and contemplate an examination into the moral and other influences upon children so cared for. Of course, a "kindergarten" as previously defined does have to some extent the care and custody of children placed therein for supervision. But for that matter, dancing schools, schools of music, art schools, and any number of institutions also have such limited care and custody of children under fifteen years of age. Obviously, the Legislature did not have all of these institutions in mind.

The character of the institutions specifically

enumerated which are required to be licensed indicates the character of other institutions or places "for the care and custody of children" which were intended by the Legislature to be covered by Article 4442a. Day nurseries are commonly understood to be places where children, who are unable to care for themselves in the normal functions of infancy and early childhood, are left with someone who will see that these functions are properly performed, such as feeding, bathing, rest, and other functions required for the proper physical development of children of tender years. Such institutions, as well as children's boarding homes and child placing agencies, are normally provided to furnish care and custody for children under circumstances where their parents or guardians are unable to devote the time necessary to accomplish that care and custody, because of employment or other necessarily conflicting circumstances. Generally, "care and custody" is the object and function of these latter institutions as distinguished from the limited "care and custody" exercised by "kindergartens" and exercised only to the extent necessary to accomplish the special purpose for which they function. Where a child is placed in a day nursery, children's boarding home, and the like, the parent or guardian of the child usually makes a general relinquishment of custody and control over the child's general welfare; while in placing a child in a "kindergarten" there is only a limited relinquishment of that custody and control which is usually of a more temporary character and for a special purpose as before indicated.

While the dividing line between the two categories of institutions may not, in particular instances, be entirely clear, the general purpose and intent of the Legislature is reasonably clear. In our opinion, therefore, generally speaking, kindergartens will not normally be required to be licensed. However, the facts of each situation must be looked to to determine whether or not the particular institution is within the intent of Article 4442a and it will be necessary for your department in many instances to look behind the name given the institution and to determine from its actual functions and purposes whether or not it is required to be licensed.

## SUMMARY

Private kindergartens established for the purpose of pre-school education of young children, at which such children attend only

a few hours of each day, are not required to be licensed as places "for the care or custody of children under fifteen years of age" within the meaning of Article 4442a, Vernon's Civil Statutes.

The purpose and functions of each institution must be individually considered, regardless of its being called a "kindergarten", in order to determine whether or not a license is required.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ned McDaniel
Assistant

NMc:jmc

APPROVED:

Price Daniel
ATTORNEY GENERAL.