[No. C051722. Third Dist. Nov. 7, 2006.]

LEILA J. LEVI et al., Plaintiffs and Appellants, v.
JACK O'CONNELL, as Superintendent of Public Instruction, etc., et al.,
Defendants and Respondents.

702

### COUNSEL

The Pro Family Law Center and Richard D. Ackerman for Plaintiffs and Appellants.

Allan J. Keown for Defendants and Respondents.

### OPINION

**CANTIL-SAKAUYE, J.**—In this case we consider whether the California Department of Education (CDE)[1] is required to pay for the college education of an extremely gifted student under the age of 16. We conclude it is not. We shall affirm the judgment of dismissal of plaintiffs' action entered following the trial court's sustaining of CDE's demurrer without leave to amend.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 9, 2004, Leila J. Levi (Levi) filed an original complaint against CDE on behalf of herself and as guardian ad litem for her 13-year-old son Levi M. Clancy (Clancy) (together plaintiffs). After the trial court sustained CDE's general demurrer with leave to amend, plaintiffs filed a first amended complaint. The first amended complaint alleges Clancy, born on October 12, 1990, is a highly gifted child required, as a minor under the age of 16, to attend school under the compulsory education law. (Ed. Code, § 48200 et seq.) The first amended complaint alleges, "Clancy cannot attend a traditional K–12 school because the schools operated by CDE, and Clancy's local district, are ill-equipped and unsuitable for highly gifted children and will actually cause more harm to him than if he simply did not attend. Specifically, they cannot provide for his specific psycho-social and academic needs. Additionally, he has already completed a standard education within the

---

[1] Plaintiffs' action named as defendants both Jack O'Connell as the California Superintendent of Public Instruction and the California Department of Education. For convenience, we shall hereafter simply refer to defendants as CDE.

K–12 academic system currently provided for by CDE." (Capitalization changed.)

According to the first amended complaint, Clancy started attending Santa Monica College when he was seven, passed the California high school proficiency exam when he was nine, and began attending the University of California at Los Angeles (UCLA) when he was 13. Levi is a single mother and single income earner in her household who cannot afford to continue paying for Clancy's education at UCLA. The first amended complaint alleges CDE is constitutionally required to provide Clancy with an adequate and suitable free and equal education while he is a minor under the age of 16.

The complaint alleges three causes of action; the first for declaratory relief and/or a writ of mandate, the second for violation of the equal protection clause of California's Constitution, and the third for damages under the federal civil rights statute. (42 U.S.C. § 1983.) The complaint seeks a writ of mandate compelling CDE to provide Clancy with a fair, equal, and funded education suited to his personal needs, a declaratory judgment setting forth the rights and obligations of the parties to this case, general damages as well as special damages in the form of payment of the expenses associated with Clancy's education at Santa Monica College and UCLA, attorney fees, and costs of suit. The trial court sustained CDE's demurrer to all three causes of action without leave to amend and entered a judgment of dismissal.

On appeal plaintiffs challenge the trial court's sustaining of CDE's demurrer to their first cause of action for declaratory relief and/or a writ of mandate. They also claim public policy supports their position on appeal because they are asking for nothing more than what California already offers to students with special needs. They do not challenge the sustaining of CDE's demurrer to their second and third causes of action.[2] In their brief on appeal, plaintiffs admit they are asking this court to establish an education voucher for Clancy's college education during his years of mandatory school attendance. We decline to do so.

---

[2] Plaintiffs' briefs on appeal do not contain any argument regarding the second and third causes of action of the first amended complaint under appropriate headings with meaningful discussion supported by authorities. (Cal. Rules of Court, rule 14(a)(1).) If plaintiffs are making any claim regarding those causes of action, the claim has not been properly made and is rejected on that basis. (*People v. Turner* (1994) 8 Cal.4th 137, 214, fn. 19 [32 Cal.Rptr.2d 762, 878 P.2d 521]; *Heavenly Valley v. El Dorado County Bd. of Equalization* (2000) 84 Cal.App.4th 1323, 1346 [101 Cal.Rptr.2d 591].)

## DISCUSSION

### I.

### Standard of Review

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.]" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966–967 [9 Cal.Rptr.2d 92, 831 P.2d 317]; see *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) On appeal we review the legal sufficiency of the complaint de novo, "i.e., we exercise our independent judgment about whether the complaint states a cause of action as a matter of law. [Citation.]" (*Montclair Parkowners Assn. v. City of Montclair* (1999) 76 Cal.App.4th 784, 790 [90 Cal.Rptr.2d 598].) The question before us is whether "the plaintiff has stated a cause of action under any possible legal theory. [Citation.]" (*Aubry v. Tri-City Hospital Dist., supra*, at p. 967.)

### II.

### Plaintiffs' Cause of Action for Declaratory Relief

While Clancy is under the age of 16 and subject to the compulsory full-time education requirements, plaintiffs claim CDE legally owes him an adequate, free and equal education providing for his specific individualized needs. If Clancy is not provided with the funding necessary to attend a university appropriate to his learning needs, plaintiffs claim they will be forced to violate the compulsory education law. In their first cause of action, plaintiffs allege these circumstances give rise to a justiciable controversy over the parties' respective rights and duties entitling them to declaratory relief. Plaintiffs primarily rely on section 5 of article IX of the California Constitution (section 5). However, they also claim education guarantees under unspecified parts of the United States Constitution, the federal No Child Left Behind Act of 2001 (20 U.S.C. § 6301 et seq.), and the federal Individuals with Disabilities Education Act (IDEA). (20 U.S.C. § 1400 et seq.) Plaintiffs claim there exists a related controversy as to whether Clancy was excluded from the class of children protected by California's special education law. (Ed. Code, § 56000 et seq.)

On appeal, plaintiffs claim the trial court erred in concluding they had not stated a cause of action for declaratory relief because they are entitled to a judicial declaration of the educational rights of an extremely gifted child.

■ " 'The fundamental basis of declaratory relief is the existence of an actual, present controversy over a proper subject.' " (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79 [124 Cal.Rptr.2d 519, 52 P.3d 695], quoting 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 817, p. 273.) CDE contends plaintiffs have failed to allege facts sufficient to establish an actual controversy between themselves and CDE independent of the current lawsuit. (*City of Cotati v. Cashman, supra,* at p. 80; *California Assn. of Private Special Education Schools v. Department of Education* (2006) 141 Cal.App.4th 360, 377–378 [45 Cal.Rptr.3d 888]; *Brownfield v. Daniel Freeman Marina Hospital* (1989) 208 Cal.App.3d 405, 410 [256 Cal.Rptr. 240].) We disagree. The first amended complaint alleges sufficient specific facts regarding Clancy's present educational circumstances to establish an actual, current controversy concerning CDE's constitutional and statutory obligation to fund an appropriate education, in this case a college education, for Clancy.

CDE contends plaintiffs have not sufficiently pled a cause of action for declaratory relief because there is no right on the part of plaintiffs to or corresponding duty on the part of CDE to provide the relief plaintiffs seek.

■ " 'Strictly speaking, a general demurrer is not an appropriate means of testing the merits of the controversy in a declaratory relief action because plaintiff is entitled to a declaration of his rights even if it be adverse.' [Citations.] However, 'where the issue is purely one of law, if the reviewing court agreed with the trial court's resolution of the issue it would be an idle act to reverse the judgment of dismissal for a trial on the merits. In such cases the merits of the legal controversy may be considered on an appeal from a judgment of dismissal following an order sustaining a demurrer without leave to amend and the opinion of the reviewing court will constitute the declaration of the legal rights and duties of the parties concerning the matter in controversy.' [Citations.]" (*Herzberg v. County of Plumas* (2005) 133 Cal.App.4th 1, 24 [34 Cal.Rptr.3d 588].) The issue here is purely a question of law, which we resolve adversely to plaintiffs.

■ The California Legislature has been constitutionally required to provide for a system of common schools in California since the first state Constitution was adopted in 1849.[3] (Cal. Const., art. IX, § 3.) Since the Constitution of 1879 this constitutional requirement has included a free school guarantee. (§ 5; *Hartzell v. Connell* (1984) 35 Cal.3d 899, 906 [201 Cal.Rptr. 601, 679 P.2d 35] (*Hartzell*).) Specifically, section 5 provides, "The

---

[3] Article IX of the California Constitution makes public education a matter of statewide rather than local concern. (*Kennedy v. Miller* (1893) 97 Cal. 429, 431 [32 P. 558]; *Hall v. City of Taft* (1956) 47 Cal.2d 177, 179, 181 [302 P.2d 574], superseded by statute on other grounds as noted in *City of Lafayette v. East Bay Mun. Utility Dist.* (1993) 16 Cal.App.4th 1005, 1013, fn. 5 [20 Cal.Rptr.2d 658].)

Legislature shall provide for *a system of common schools by which a free school shall be kept up and supported in each district* at least six months in every year, after the first year in which a school has been established." (Italics added.)

 ▉ In section 5, the use of "[t]he term 'system' itself imports a unity of purpose as well as an entirety of operation, and the direction to the legislature to provide 'a' system of common schools means one system which shall be applicable to all the common schools within the state." (*Kennedy v. Miller,* *supra,* 97 Cal. at p. 432, italics omitted.) Under section 5, the "educational system must be uniform in terms of the prescribed course of study and educational progression from grade to grade." (*Serrano v. Priest* (1971) 5 Cal.3d 584, 596 [96 Cal.Rptr. 601, 487 P.2d 1241], superseded by statute as stated in *Crawford v. Huntington Beach Union High School Dist.* (2002) 98 Cal.App.4th 1275, 1286 [121 Cal.Rptr.2d 96]; see *Piper v. Big Pine School Dist.* (1924) 193 Cal. 664, 669, 673 [226 P. 926] (*Piper*).) California children have an enforceable right to attend such a school (*Piper, supra,* at p. 669) and to participate without paying fees in all of the educational activities—curricular or extracurricular—offered by such schools. (*Hartzell, supra,* 35 Cal.3d at p. 911.)

 However, this still leaves the question—what are the "common schools" of the state that must be provided free under a single uniform statewide system? The early case of *Los Angeles County v. Kirk* (1905) 148 Cal. 385 [83 P. 250] (*Kirk*), provides the answer. In *Kirk* the California Supreme Court rejected a county's attempt to compel the Superintendent of Public Instruction to include the average daily attendance of kindergarten students in his apportionment of the State School Fund to the various counties. The high court held the fact that the Legislature declared a kindergarten adopted by a district to be part of the public primary schools did not operate to bring it within the uniform and mandatory system of common schools of the state. (*Id.* at pp. 390–391.) The court distinguished the public schools designated by section 6 of article IX of the California Constitution from the common schools of section 5, which it concluded were those schools of the state identified in section 6 of article IX as being exclusively supported by the State School Fund. (*Kirk, supra,* at pp. 388–389.)

 ▉ Section 6 of article IX of the California Constitution has since been amended a number of times and now provides, in relevant part, "[t]he Public School System shall include all kindergarten schools, elementary schools, secondary schools, technical schools, and state college . . . ." However, the same section now provides: "The entire State School Fund shall be apportioned in each fiscal year in such manner as the Legislature may provide, through the school districts and other agencies maintaining such schools, for

the support of, and aid to, *kindergarten schools, elementary schools, secondary schools, and technical schools . . . .*" (Cal. Const., art. IX, § 6, italics added.) ■ Applying the reasoning of *Kirk, supra,* 148 Cal. 385, the common schools of California under section 5 are the schools that provide what has become known as grades K through 12 (K–12). Colleges and universities are not included. That is, section 5 constitutionally provides for a single standard and uniform system of free public K–12 education. The free school guarantee of section 5 does not provide for free college education.

■ Nor does the free school guarantee mandate K–12 education individually tailored to each student's specific and particularized needs. Section 5 requires the state to maintain a regular, standard system of public K–12 education. (*Kennedy v. Miller, supra,* 97 Cal. at p. 432; *Serrano v. Priest, supra,* 5 Cal.3d at p. 596; *Piper, supra,* 193 Cal. at pp. 669, 673.)[4]

Naturally, such standard system should provide a high quality education for all the students of our state. State and federal law recognizes this. The federal No Child Left Behind Act of 2001 states: "The purpose of this title [20 USCS §§ 6301 et seq.] is to ensure that all children have a fair, equal, and significant opportunity to obtain a high-quality education and reach, at a minimum, proficiency on challenging State academic achievement standards and state academic assessments." (20 U.S.C. § 6301.) California has adopted programs to implement the requirements of the federal No Child Left Behind Act. (See, e.g., Ed. Code, §§ 52055.57, 52058.1, 52059.) California administers achievements tests (Ed. Code, § 60640) and a high school exit examination. (Ed. Code, § 60851.) California monitors its schools through a public school performance accountability program. (Ed. Code, § 52051 et seq.) However, plaintiffs have not cited us to, and we have not found, anything in the federal No Child Left Behind Act or the implementing California law that requires K–12 public education meet every student's particularized educational needs.[5]

---

[4] We emphasize we are considering in this case plaintiffs' allegations that CDE is *required* under current law to provide Clancy with a suitable or appropriate education, which in his case amounts to a college education. We are not addressing whether CDE should or should not (within the ordinary system of K–12 education), promote a policy of addressing students' individual needs to every extent possible. We are aware there is significant debate in the field of education regarding the educational needs of gifted and highly gifted children. (See, e.g., Davidson, Genius Denied: How to Stop Wasting Our Brightest Young Minds (2004); Colangelo, A Nation Deceived: How Schools Hold Back America's Brightest Students (2004).) We are not expressing an opinion on such issues, which are matters of public policy properly addressed to the Legislature or electorate, not the courts. (*Knight v. Superior Court* (2005) 128 Cal.App.4th 14, 19, 30 [26 Cal.Rptr.3d 687].)

[5] Plaintiffs have cited us to Education Code section 66030, claiming it states a mandate that " 'public education in California strive to provide [ . . . ] each California[n], . . . a reasonable opportunity to develop his or her potential.' " Plaintiffs misquote the section, which actually

■ The Legislature has declared its intent that "all *individuals with exceptional needs* have a right to participate in free appropriate public education and special educational instruction and services for these persons are needed in order to ensure the right to an appropriate educational opportunity to meet their unique needs." (Ed. Code, § 56000, italics added.) However, the term "individuals with exceptional needs" as used in this statute is specifically defined as children who have been identified as having a disability within the meaning of "subparagraph (A) of paragraph (3) of Section 1401 of Title 20 of the United States Code [IDEA]." (Ed. Code, § 56026, subd. (a).) The term "child with a disability" is defined by the referenced section of the IDEA as a child who needs special education and related services by reason of mental retardation, hearing impairments, speech or language impairments, visual impairments, a serious emotional disturbance, orthopedic impairments, autism, traumatic brain injury, other health impairments or specific learning disabilities. (20 U.S.C. § 1401(3)(A).)

Plaintiffs' first amended complaint alleges Clancy is a highly gifted child who began attending college at seven, passed the high school exit exam at nine, and started attending UCLA when he was 13. It is alleged he has completed a standard education within the K–12 academic system. There are no allegations he needs special education and related services by reason of any of the disabilities or impairments listed in the IDEA. Therefore, he does not come within the provisions of the IDEA and he is not a child with exceptional needs as defined by California's special education law. (Ed. Code, § 56000 et seq.) We also note the "free appropriate public education" guaranteed by the IDEA is limited to appropriate preschool, elementary and secondary education. (20 U.S.C. § 1401(9)(C).) The IDEA does not guarantee appropriate free college education.

■ Plaintiffs argue the mandate to provide an education suited to the specific needs and abilities of each child was recognized in *Hayes v. Commission on State Mandates* (1992) 11 Cal.App.4th 1564 [15 Cal.Rptr.2d 547] (*Hayes*). *Hayes* is a subvention case and the issue on appeal in *Hayes* was whether certain special education programs for children with disabilities "constituted new programs or higher levels of service mandated by the state entitling the school districts to reimbursement under section 6 of article XIII B of the California Constitution and related statutes for the cost of implementing them or whether these programs were instead mandated by the federal government for which no reimbursement is due." (*Hayes, supra,* at p. 1570.)

provides: "It is the intent of the Legislature that public *higher* education in California strive to provide . . . each Californian, . . . a reasonable opportunity to develop fully his or her potential." "Public higher education" refers to California Community Colleges, California State Universities, and each campus of the University of California. (Ed. Code, § 66010, subd. (a).) Section 66030 is irrelevant to whether the Legislature must tailor its K–12 education program to provide each student with individualized education.

In considering this subvention issue, this court described the legal and historical context of the federal and state statutes governing education for the disabled and noted that principles of equal protection formed a basis for their enactment. (*Id.* at pp. 1582–1592.) The opinion of this court, however, did not consider or suggest that all children have a constitutional right to an education specifically tailored to their individual needs and abilities. Such issue was not presented and, obviously, cases are not authorities for propositions not considered. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 620 [71 Cal.Rptr.2d 830, 951 P.2d 399]; *Roberts v. City of Palmdale* (1993) 5 Cal.4th 363, 372 [20 Cal.Rptr.2d 330, 853 P.2d 496].)

In summary, Clancy does not have a right to a free college education under the California constitutional free school guarantee of section 5.[6] Nor are there any applicable state or federal statutes requiring that he be provided free college education as being the appropriate education individually tailored to his particular needs as a highly gifted child.[7]

We agree with the trial court that plaintiffs' allegations regarding the application of the truancy law to them (Ed. Code, § 48200 et seq.) are completely speculative and inadequate to plead a justiciable controversy. The truancy laws are not being applied to Clancy. And finally, the complaint affirmatively alleges Clancy is currently attending UCLA.

## III.

## Plaintiffs' Cause of Action for a Writ of Mandate

Plaintiffs' first amended complaint designates the first cause of action as being for "declaratory relief and/or writ of mandate[.]" (Capitalization omitted.) As part of the allegations of such cause of action, plaintiffs allege the

---

[6] Plaintiffs include vague references to unspecified provisions of the United States Constitution in their cause of action for declaratory relief, but have provided no substantive discussion on appeal of their claim, except to point us to *Hayes, supra*, 11 Cal.App.4th 1564, which we have addressed. We do not need to respond further to plaintiffs' federal constitutional references. (*People v. Turner, supra*, 8 Cal.4th at p. 214, fn. 19; *Heavenly Valley v. El Dorado Bd. of Equalization, supra*, 84 Cal.App.4th at p. 1346.)

[7] California does have a gifted and talented pupil program. (Ed. Code, § 52200 et seq.) The governing boards of individual school districts may "elect" to provide programs pursuant to such state law. (Ed. Code, § 52206, subd. (a).) Plaintiffs' first amended complaint does not allege there was no such program available for Clancy or that the program available was inadequate. The first amended complaint alleges only that Clancy cannot attend a "traditional" K–12 school because the schools operated by CDE and Clancy's local district are "ill-equipped and unsuitable[,]" will "cause [him] harm" and "cannot provide for his specific psycho-social and academic needs." Plaintiffs' first amended complaint does not name as a defendant Clancy's local school district.

defendants have "a ministerial duty to provide an adequate, fair and equal education" to Clancy. Plaintiffs' prayer for relief requested "a writ of mandate compelling defendants to provide [Clancy] with a fair, equal, and funded education suited to his personal needs[.]"

We have concluded CDE does not have a duty to provide Clancy with a free college education, as we have explained. For the same reasons, we conclude plaintiffs have not stated a cause of action for mandate and the trial court correctly sustained CDE's demurrer to such cause of action.

## IV.

### Public Policy as Reflected in Education Code Section 56000

Plaintiffs final argument on appeal contends public policy supports their position because they are "asking for nothing more than what California already deems to be appropriate for students with highly specialized needs."[8] (Capitalization omitted.) Plaintiffs cite Education Code section 56000, which states that individuals with exceptional needs have the right to an appropriate educational opportunity to meet their unique needs. Plaintiffs claim Clancy has unique, exceptional and special needs and that section 56000 states a philosophical framework that demands all students of the age for compulsory education be provided with a tailored education.

As we have already stated, section 56000 (educational instruction and services to individuals with exceptional needs) is limited to children with disabilities and impairments. It does not reflect any statement of public policy applicable to all students or to highly gifted students. Under the free school guarantee of the California constitution and the current statutes children have a right to a standard, free public K–12 education. Plaintiffs allege Clancy has completed such an education. Plaintiffs have not sought to compel anything besides a free college education. Clancy is not entitled to such relief.

## V.

### Plaintiffs' Failure to Plead Prior Presentation of a Government Tort Claim

As we have rejected the merits of plaintiffs' claim that Clancy is entitled to have his college education funded by CDE, we need not address CDE's

---

[8] Plaintiffs do not make a constitutional equal protection claim in this argument and have not challenged the trial court's ruling on their second and third causes of action. (See, *ante,* fn. 2.)

contention that any claim for money damages is precluded by plaintiffs' failure to plead prior presentation of a claim with the State Board of Control (Gov. Code, § 900.2, subd. (b)—now the Victim Compensation and Government Claims Board). (See Gov. Code, § 900 et seq.)

## DISPOSITION

The judgment of dismissal is affirmed. Each party shall bear their own costs on appeal. (Cal. Rules of Court, rule 27(a)(4).)

Scotland, P. J., and Morrison, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 7, 2007, S148994.