## J. M. SPANGLER, as *Administrator*, &c., v. NANCY T. ROBINSON.

APPEAL, BY ADMINISTRATOR; *Affidavit Essential.* The affidavit prescribed in section 190, Gen. Stat. 469, to be filed by the applicant for an appeal from the decision of the probate court, is a prerequisite to the granting of an appeal, and essential to the jurisdiction of the probate court allowing it.

*Error from Lyon District Court.*

THE district court, at September Term 1877, dismissed an appeal taken by *Spangler*, as administrator, etc., and *Spangler* brings the case here.

*Buck & Kellogg*, for plaintiff in error.

*Ruggles, Scott & Lynn*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This action was commenced before the probate court of Lyon county, and tried on the 30th of July 1877. Judgment was rendered for the defendants in error. The administrator felt aggrieved at the judgment, and attempted to appeal the case to the district court. On August 7th, during the term at which the decision was made, and within ten days from the rendition thereof, the administrator gave notice of an appeal in open court, which was entered by the probate judge on the record; but the claimant was not present in person, nor by attorney, at the time the notice was given. On August 17th, the plaintiff in error procured a certified transcript of the proceedings in the case and filed the same in the district court, where the case was docketed. The administrator had omitted to make or file in the probate court the affidavit required by section 190, Gen. Stat., p. 469. On the 11th of September, the defendant in error filed a motion in the district court to dismiss the appeal, for several reasons, and among others, because of the failure to file the affidavit prescribed by said sec. 190. This motion was sustained, and plaintiff in error claims the district court committed error therein, and now asks that the case be remanded with instructions to the court below to reinstate the appeal. Section 190 reads as follows:

"The applicant for such appeal, his agent or attorney, shall file an affidavit that the appeal is not taken for the purpose of vexation or delay, but because the affiant believes that the appellant is aggrieved by the decision of the court."

Section 192 reads: "After such affidavit * * * has been filed, the appeal shall be granted." And section 193, as amended by sec. 1, laws of 1872, p. 273, provides that—

"Where such an appeal is taken, the judge of the probate court shall transmit to the clerk of the district court a full and complete certified transcript of all the records and proceedings pertaining to the matter in which the appeal is so taken."

In the absence of the affidavit, the case was improperly

docketed in the district court for trial, as no appeal had been regularly taken or granted. The filing of an affidavit in the district court, pending the motion to dismiss, did not cure the fatal defect existing in the proceedings, and was not a valid substitute for the oath required to be taken and filed in the probate court, prior to the granting of the appeal. The action of the district court in dismissing said appeal must be affirmed, as the affidavit prescribed in sec. 190 is a prerequisite to the granting of an appeal, and is also essential to the jurisdiction of the probate court allowing it.

We pass over the question submitted concerning the demand for a change of venue, as the record is not in a condition for us to consider that matter, owing to the failure to have it appear that all the evidence or affidavits introduced upon the hearing of the motion are before us. In any event, the refusal to grant this motion worked no material injury to the rights of the plaintiff in error, as no appeal had ever been taken by him from the judgment of the probate court, as authorized by the statute, and he was not entitled to have the case retried in any district court.

The judgment of the district court must be affirmed.

All the Justices concurring.