WATTS BECKWITH v. THE KANSAS CITY & OLATHE RAILROAD COMPANY.

1. CONDEMNATION PROCEEDINGS; *Invalid Appeal.* The statute does not authorize a party attempting to appeal from the award of commissioners condemning the right of way through real estate for a railroad company to deposit money with the county clerk in lieu of entering into a written undertaking as prescribed by the statute; and where a party attempting to appeal from the award fails within the period specified by the statute to enter into a written undertaking to the adverse party, the court commits no error in dismissing the appeal for want of an appeal undertaking.

2. APPEARANCE, *Not Voluntary; Appeal Bond, Not Waived.* A land-owner attempted to appeal from the award of commissioners condemning a right of way through his land for a railroad company, but he filed no written undertaking for appeal; the counsel for the company filed precipes for subpenas in the district court, and then entered its appearance in court for the purpose only of moving to dismiss the appeal and strike the action from the docket, because no appeal had been.filed, and because no appeal had been taken as required by law. *Held,* That the mere filing of precipes for subpenas was not a voluntary appearance in the court to the merits; and *further held,* the filing or giving of an appeal bond was not thereby waived.

*Error from Johnson District Court.*

AT the March Term, 1882, the court sustained the motion of the defendant *Railroad Company* to dismiss plaintiff's appeal and strike the cause from the docket, and overruled his

application for leave to file an appeal bond therein. These rulings *Beckwith* brings here. The facts appear in the opinion.

*Gill & Parker,* for plaintiffs in error.

*Geo. R. Peck,* and *W. C. Campbell,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are briefly as follows : The plaintiff is the owner of a quarter-section of land in Johnson county. The defendant railroad company instituted proceedings to condemn and assess the damages for a right of way for its railroad track through said land. Commissioners were duly appointed therefor by the judge of the district court, and on the 5th day of September, 1881, they filed their report with the county clerk, assessing the damages to the land in the sum of $444.38. On the 14th day of September, 1881, and within ten days after the filing of the report, the plaintiff attempted to take an appeal from the award of the commissioners. In pursuance of this attempt, he deposited with the clerk of Johnson county the sum of $50, in lieu of an appeal bond. Afterward, on December 31, 1881, the defendant, appearing for that purpose only, moved to dismiss the appeal and strike the action from the docket, because no appeal bond had been filed; and further, because no appeal had been taken from the award of the commissioners as required by law. Afterward, on March 13, 1882, the plaintiff made application to the court to file an appeal bond and withdraw the sum of $50 theretofore deposited by him. At the March term following, the motions of the several parties came on for hearing, and thereupon the court sustained the motion of defendant to dismiss the appeal and strike the cause from the docket, and overruled the application of plaintiff for leave to file a new and amended appeal bond. In this case no appeal bond was filed by the plaintiff, therefore it cannot be urged that the appeal bond was simply irregular or defective. The deposit was intended as a substitute for a bond, but the statute makes no provision for a

party to deposit money as security in lieu of the undertaking or bond. On the other hand, the statute specifically enumerates what the undertaking shall contain, and the conditions thereof. (Comp. Laws 1879, ch. 23, § 86; id., ch. 81, §§ 121, 122.) As the plaintiff wholly failed to enter into an undertaking as required by the statute, and as the statute nowhere authorizes money to be deposited in lieu of an undertaking for an appeal, in such cases as this, the rulings of the district court were correct. (*Lovitt v. Rld. Co.*, 26 Kas. 297.) Counsel for plaintiff refer to the difficulty of obtaining personal security on a written undertaking for an appeal, especially where an appellant is a non-resident, and urge at great length that this court should declare that money deposited may be accepted in lieu of a written undertaking. The law is otherwise, and we cannot legislate. If the hardship of the law is as great in these particular cases as counsel contend, the argument presented to us might properly be addressed to the legislature. We cannot change the law, and we simply perform our duty in declaring the law as it exists. Counsel for plaintiff represent, however, that the defendant appeared in the district court, subpenaed witnesses, and consented to a continuance of the cause, and thereby made a voluntary appearance in the court to the merits of the case and waived the filing or giving of an appeal bond. An examination of the record shows that a precipe for witnesses was filed by the counsel for the railroad company, December 19, 1881. The motion to dismiss was filed December 31, 1881. There was no continuance of the cause prior to the filing of the motion to dismiss, and this motion sets forth clearly that the defendant appeared for the motion only, and for no other purpose, and therefore the record shows that there was no voluntary appearance by the defendant to the merits or that the appeal bond was waived. (*Dowell v. Caruthers*, 26 Kas. 720.)

. The orders and judgment of the district court will be affirmed.

All the Justices concurring.