L. J. McClun, *as Guardian of the person and estate of Isaac McClun, insane,* v. J. T. Glasgow, *as Probate Judge of Republic County, et al.*

Mandamus—*Appeal Bond—no Notice—no Affidavit.* A writ of *mandamus* will not issue to compel a probate judge to fix the amount of or approve an appeal bond for an appeal from an order removing the guardian of an insane person, where no notice of an appeal is given, nor affidavit required by the statute is filed. Whether an appeal lies from such an order in any case is not decided.

*Error from Republic District Court.*

Petition by *L. J. McClun,* guardian, against *J. T. Glasgow,* as probate judge, for *mandamus.* A motion to quash the alternative writ was sustained, and the petitioner brings error.

*Clark A. Smith,* and *Noble & Hogin,* for plaintiff in error.

*W. T. Dillon,* and *D. M. Thorp,* for defendants in error.

The opinion of the court was delivered by

Allen, J.: An alternative writ of *mandamus* was allowed by the district judge of Republic county commanding the defendant, as probate judge, to allow the plaintiff's appeal from an order of the probate court of Republic county discharging said plaintiff from her trust as guardian of the person and estate of Isaac McClun, insane, or to show cause by a time named in the writ. The defendant moved to quash the writ because the facts stated in the writ are insufficient to warrant the relief prayed for, and on other grounds. This motion was sustained by the court. The plaintiff alleges error in sustaining the motion.

The writ is fatally defective in that it fails to state either that notice of appeal was given or that the applicant filed the affidavit required by statute. Both these requirements are jurisdictional, and no appeal could be taken without them. It is unnecessary for us to decide whether the view entertained by the district court, that no appeal can be taken in any case from an order discharging the guardian of an insane person, is sound or not. The act concerning lunatics and habitual drunkards makes no provision for an appeal. Provision is made for appeals in the act concerning guardians and wards, and the act concerning executors and administrators. Section 188 of the last-named act, which prescribes the cases in which appeals may be taken, concludes as follows : ''And in all other cases where there shall be a final decision of any matter arising under the jurisdiction of the probate court, except in cases of *habeas corpus* and injunction.'' Appeals authorized by the act concerning guardians and wards are to be taken in the manner provided in the act respecting executors and administrators.

It is averred in the writ that the probate judge refused either to fix the amount of the appeal bond or to approve the bond which the plaintiff tendered, and refused to allow the appeal. Nothing whatever is averred with reference to a notice of appeal or an affidavit. As the notice and affidavit were essential prerequisites to the granting of an appeal, the plaintiff had no standing in this action until the notice was given and the affidavit filed. The probate court was wholly powerless to grant an appeal without them. (*Spangler v. Robinson*, 20 Kas. 682.) As it is not claimed in this case that an affidavit was in fact filed, and as the time for taking the appeal has long since passed, the order of the probate court removing the

plaintiff as guardian is final, and no appeal can now be taken.

The judgment in the district court quashing the writ is affirmed.

All the Justices concurring.