DAVID McINTOSH v. D. W. WHEELER, *Special Administrator of the Estate of W. J. McIntosh.*

**No. 9993.**

1. APPEAL — *notice of administrator's, from allowance of claim must be given during term or within ten days.* An administrator of the estate of a deceased person, who seeks to appeal from an allowance of a demand against the estate, must give notice of such appeal, either during the term at which the decision is made or within ten days after the date of the allowance.

2. ———— *error in overruling motion to dismiss not waived by moving party continuing litigation to final judgment.* Where a motion to dismiss an appeal is made in due time, erroneously overruled, and excepted to by the plaintiff, he does not confer jurisdiction on the court by thereafter litigating the demand in the district court; but may, after final judgment against him, take advantage of the error in the ruling on the motion by petition in error in this court.

Error from Marion District Court. Hon. Lucien Earle, Judge, Opinion filed June 5, 1897. *Reversed.*

*King & Kelley,* for plaintiff in error.

*Hess & Johnson,* for defendant in error.

ALLEN, J. On the fourteenth of October, 1891, David McIntosh obtained the allowance, by the Probate Court of Marion County, of a claim amounting to $4,880.25, against the estate of W. J. McIntosh, represented by D. W. Wheeler as special administrator. David McIntosh was the general administrator of the estate. The special administrator attempted to appeal from the order, and for that purpose made the necessary affidavit on the thirtieth of October. Whether this affidavit was filed in the Probate Court does not appear. The only notice of appeal given was served on the twenty-second of January, 1892. The certificate of the probate judge to the transcript of the proceedings in his court, which was filed in the District Court, is dated November 25, 1891. On the twenty-seventh of January, 1892, the plaintiff, David McIntosh, moved to dismiss the appeal because not taken within the time or in the manner provided by law. The motion was overruled, and the plaintiff excepted. The ruling of the District Court on this motion is assigned as error.

Section 189 of the Act Respecting Executors and Administrators reads : "All appeals shall be taken during the term at which the decision complained of is made, or within ten days after the making of such decision. Notice of such appeal shall be given in open court and entered on the record, or by written notice to the opposite party, or his attorney of record." Gen. Stat. 1889, ¶ 2975. By section 1, of chapter 157 of the Laws of 1891, it is provided "that each probate court shall hold regular terms, commencing on the first Monday of each month, and shall continue in session until all the business of the term is completed, when the court shall formally adjourn to

the next regular term, commencing on the first Monday of the following month."

Even if we assume that the affidavit was filed on the day it was sworn to and that the Probate Court was still in session, there is no pretense that a notice of appeal was given in open court, or that a written notice was served earlier than the

1. Notice of administrator's appeal given, when.

twenty-second of January, 1892. This was not in time. The notice is an essential requisite of an appeal, and must be given during the term at which the decision complained of is made, or within ten days after the decision. *McClun v. Glasgow*, 55 Kan. 182.

The court erred in overruling the motion to dismiss the appeal. But it is said that the motion was overruled at the March term, 1892, and that the petition in error was not filed in this court until October, 1894;

2. Error in overruling motion to dismiss not waived, when.

that it is, therefore, too late to present the error on this ruling to this court; that the plaintiff in error entered a general appearance in the district court and prosecuted his claim therein through three successive trials, and that he thereby waived any error there might be in the ruling of the court on the motion. It was held in *Edinfield v. Barnhart*, 5 Kan. 225, that "error does not lie to this court from an order of the district court refusing to dismiss an appeal until the case is finally disposed of." To the same effect are *Dolbee v. Hoover*, 8 Kan. 124; *Anderson v. Higgins*, 35 id. 201; *Kansas Rolling Mill Co. v. Bovard*, 34 id. 21; *Simpson v. Rothschild*, 43 id. 33; *Simpson v. Kirschbaum*, 43 id. 36. The objection of the plaintiff to the jurisdiction of the District Court was made in due time. The steps taken by the special administrator were insufficient either to affect the order of the Probate Court allowing

the plaintiff's demand or to confer jurisdiction on the District Court to again try the case.

By proceeding to a trial in the District Court after a motion to dismiss had been overruled, the plaintiff did not waive the objection to the. jurisdiction of the District Court. He was not bound, at his peril, to allow final judgment to be rendered against him, and then raise the question of the validity of the appeal in this court. He had a right to continue to assert the validity of his claim before the District Court; and did not by so doing confer jurisdiction on it which it had not obtained by virtue of the attempted appeal. *St. L. K. & S. W. Rly. Co. v. Morse*, 50 Kan. 99; *Bentz v. Eubanks*, 32 id. 321; *Dickinson v. B. & M. R. Rld. Co.*, 43 id. 702; *Steamship Co. v. Tugman*, 106 U. S. 118; *Jones v. Jones*, 108 N. Y. 415; *Warren v. Crane*, 50 Mich. 300.

The judgment is reversed, and the case remanded with directions to the District Court to dismiss the appeal.

Johnston, J., concurring.

Doster, C. J., having been of counsel, not sitting.