Jarrard v. McCarthy.

---

No. 19,517.

GEORGE W. JARRARD et al., *Appellants,* v. W. J. McCARTHY et al., *Appellees.*

SYLLABUS BY THE COURT.

1. APPEAL FROM PROBATE COURT—*Sufficient Notice of Appeal.* An affidavit accompanying a notice of appeal reciting that "This notice of appeal is made in good faith and not for the purpose of willful delay" is a sufficient compliance with section 3626 of the General Statutes of 1909.

2. SAME—*Appeal Bond—Cash Deposit in Lieu of Sureties— Sufficient Compliance with the Law.* One of a number of nonresident appellants gave his personal bond in an appeal from the probate court to the district court, and made a deposit of $300 in cash as security, and this bond and security were approved by the probate court: *Held,* that such bond and security thus approved were a sufficient compliance with section 3627 of the General Statutes of 1909.

Appeal from Edwards district court; ALBERT S. FOULKS, judge. Opinion filed June 12, 1915. Reversed.

*F. L. Slaughter,* and *M. A. Merten,* both of Kinsley, for the appellants.

*H. G. Oliver,* of Oklahoma City, Okla., *A. C. Dyer,* and *A. L. Moffat,* both of Kinsley, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiffs and defendants were rival claimants to the estate of Thomas Jarrard. The probate court of Edwards county gave judgment in favor of the McCarthy line of heirs. The plaintiffs appealed to the district court.

To comply with sections 3625 and 3626 of the General Statutes of 1909, counsel for plaintiffs filed the following as a notice of appeal and affidavit:

"Come now the attorneys, M. A. Merten and F. L. Slaughter, who represent the Jarrard line of claimants as heirs, and give notice of appeal from the decision of this court rendered as to who are the heirs of Thomas Jarrard, deceased.

*"State of Kansas, Edwards County, ss.*

"I, M. A. Merten, being first duly sworn on oath say that I am one of the attorneys of record of the Jarrards; that I have served a copy of the above notice upon H. G. Oliver attorney of record of the McCarty line of heirs by mailing him a copy of this notice. I further say that this notice of appeal is made in good faith and not for the purpose of willful delay.

"M. A. MERTEN.

"Subscribed and sworn to, etc."

The plaintiffs were nonresidents, and to comply with section 3627 of the General Statutes of 1909 the following appeal bond was filed:

*"In re* Thomas Jarrard, deceased.

"Whereas George W. Jarrard has appealed from a judgment of the Probate Court.

"Now, therefore, I, George W. Jarrard, do hereby bind myself in the sum of Three Hundred Dollars that

appellant will pay all costs that may accrue in said appeal in case he shall be adjudged to pay them, in case the same can not be collected from the defendant if judgment be obtained against him then, and in that case I bind myself that the appellant will pay the costs made in this action by said appeal.

"GEO. W. JARRARD.

"It is agreed that in lieu of sureties on this bond there shall be a cash deposit of $300.00.

"Above security approved this 16th day of February, 1914.                        F. C. BLANCHARD,

"Judge Probate Court,
"Edwards County, Kansas."

Defendants filed in the district court a motion to dismiss on the following grounds:

"Second: That no appeal bond has been filed as required by law.

"Third. That no affidavit has been filed as required by law.

"Fourth: That said appeal has not been taken as required by law."

This motion was sustained; hence the case is here.

It will be observed that the notice of appeal is not a literal compliance with the statute. The affiant says that "This notice of appeal is made in good faith and not for the purpose of willful delay." Apparently plaintiffs' lawyer made the affidavit from memory of the language of the statute, but he did not depart from its literal terms very far. The statute reads:

"The applicant for such appeal, his agent or attorney, shall file an affidavit that the appeal is not taken for the purpose of vexation or delay, but because the affiant believes that the appellant is aggrieved by the decision of the court." (Gen. Stat. 1909, § 3626.)

We think the variance is immaterial. If the notice of appeal was made in good faith, then the appeal was in good faith; and since it was avowed to be in good faith and not for the purpose of willful delay, we must hold that the fair import of that recital was the same as an averment that the appeal was not taken for the pur-

pose of vexation and delay, but because the affiant believed that the appellant was aggrieved by the decision of the court. This is in harmony with section 3630 of the General Statutes 1909, with section 581 of the civil code, and with the twentieth century spirit which pervades and ought to pervade the administration of justice.

Touching the appeal bond, the statute reads:

"Every appellant shall file in the probate court a bond in such sum and with such security as may be fixed and approved by the probate court, conditioned that he will prosecute the appeal and pay all sums, damages and costs that may be adjudged against him," etc. (Gen. Stat. 1909, § 3627.)

It is urged that the "security" which the statute requires can only be met by personal sureties. We think not. "Security" and not "surety" is the language of the statute. "Security" is synonymous with "pledge," "deposit," "stake," "bond," etc. (English Synonyms, Soule.) To the same effect are the definitions in 7 Words and Phrases, p. 6386. Moreover, the statute confers upon the probate court the duty and power of approval of the appeal bond in a case like this. That court did approve it, and the matter did not require especial consideration by the district court. A cash deposit of $300 is certainly as good security as any surety's promise to pay $300. It may also be remarked that appeal bonds can be amended. As to George W. Jarrard the appeal bond was valid and sufficient. A suggestion is made that the bond only covers the appeal of George W. Jarrard. Since this cause must be remanded for further proceedings, the district court may, in the exercise of its discretion, allow this bond to be amended to show clearly that it binds all the appellants, or it may proceed to the merits of the controversy so far as it affects the rights of George W. Jarrard alone.

And it is so ordered.