Pee v. Witt.

---

No. 20,749.

KATIE T. PEE, *Appellant*, v. ALICE WITT, *Appellee*.

SYLLABUS BY THE COURT.

APPEAL—*From Probate Court—No Appeal Bond—Appeal Dismissed.* An appeal bond is essential to the granting of an appeal from the decision of the probate court, and while a cash deposit may be accepted as security with a bond there is no authority in the statute for the acceptance of a cash deposit as a substitute for a bond.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed March 10, 1917. Affirmed.

*Nelson Case,* of Oswego, for the appellant.
*Archie D. Neale,* of Chetopa, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: An application to the probate court to require the probate of a will was denied. The petitioner undertook to appeal by giving a proper notice and making the required affidavit, but instead of giving a bond as the statute prescribes, making a cash deposit of $50, which the probate

court approved. A transcript of the record of the proceedings was transmitted to the district court, and there the attempted appeal was dismissed upon the ground that no bond had been given as required by the statute, and from that judgment an appeal has been taken.

The only question presented here is: Can a valid appeal be taken from a decision of the probate court where no appeal bond has been given? What are the essential steps to be taken before an appeal can be allowed? After providing for notice of an intention to appeal within a fixed time, the statute, so far as applicable here, provides:

"The applicant for such appeal, his agent or attorney, shall file an affidavit that the appeal is not taken for the purpose of vexation or delay, but because the affiant believes that the appellant is aggrieved by the decision of the court.

"Every appellant shall file in the probate court a bond in such sum and with such security as may be fixed and approved by the probate court, conditioned that he will prosecute the appeal and pay all sums, damages and costs that may be adjudged against him, etc.

"After such affidavit and bond have been filed, the appeal shall be granted, but shall not be a supersedeas in any other matter relating to the administration of the estate, except that from which the appeal is specially taken." (Gen. Stat. 1915, §§ 4677-4679.)

The right to an appeal is statutory. Parties wishing to avail themselves of the right must comply with the provisions of the statute prescribing the manner and the circumstances under which an appeal may be taken. Before an appeal can be allowed the affidavit showing certain facts must be made and filed and a bond with certain conditions must be given and filed. The requirement that an affidavit shall be made is no more mandatory than that a bond shall be given, and as to the affidavit it has been held that it is a prerequisite to the granting of an appeal and essential to the jurisdiction of the court. (*Spangler, Adm'r, v. Robinson,* 20 Kan. 682; *McClun v. Glasgow,* 55 Kan. 182, 40 Pac. 329.) In speaking of an appeal bond required under the justices' act, in which such a bond is made necessary to an appeal and where there is a provision similar to the requirement under consideration, it was said:

"For, as has already been seen, *the appeal bond is the foundation* for the appeal, and the appeal can not come into existence without it. Nothing further than the giving of the bond is required by the statutes of the appellant, and nothing less; and nothing can be substituted for

Pee v. Witt.

the bond." (*St. L. K. & S. W. Rly. Co. v. Morse*, 50 Kan. 99, 105, 31 Pac. 676.)

The appellant insists that a cash deposit may be substituted for the bond as it answers the purpose of a bond and affords as much protection as a bond could give. The statute does not authorize a substitute for the bond nor that the appeal may be allowed if something affording the opposite party equal protection shall be given, and the court is not warranted in modifying the legislative requirement because it might think that some substitute would be equally effective. Statutes providing for appeals are to be liberally construed in furtherance of the right of appeal, but the right is wholly within legislative control, and the statute is not open to a construction that would dispense with an appeal bond or authorize the acceptance of something in lieu of it. ( *Beckwith v. K. C. & O. Rld. Co.*, 28 Kan. 484. See, also, *Lovitt v. Wellington & Western Rld. Co.*, 26 Kan. 297; *Appelgate v. Young*, 62 Kan. 100, 61 Pac. 402.)

The recent case of *Jarrard v. McCarthy*, 95 Kan. 719, 149 Pac. 696, is cited and relied on by the appellant, wherein it was held that a cash deposit might be accepted with a bond as security, but in that case a personal bond had been given containing all the statutory conditions. The question there was the character of security that might be taken. The statute provides that the appellant shall file a bond "with such security as may be fixed and approved by the probate court." (Gen. Stat. 1915, § 4678.) As the statute has not prescribed the kind of security which should be given but left it to the judgment of the probate court, it was decided that a cash deposit filed with the bond might be accepted as security if it met the approval of the court. Nothing in the decision suggests that an appeal could be granted on a naked deposit nor that an appeal could be allowed without the bond which the statute specifically requires. Aside from the express requirement that a bond is essential to an appeal, a deposit is not the equivalent of the bond containing the statutory obligations. It only affords protection to the amount of the deposit, which is not enough. (*St. L. K. & S. W. Rly. Co. v. Morse*, supra.) The condition of the bond, as we have seen, is that the appellant shall prosecute the appeal and in addition

pay all sums, damages and costs that may be adjudged against him. The oral negotiations between the depositor and the probate court when the deposit was made are not of record and are probably not enforceable. To accomplish an appeal there must be the written obligation substantially containing the statutory conditions for diligent prosecution of the appeal and the payment of all sums, damages and costs that may be adjudged against the appellant. The appeal is not based upon an irregular or defective bond which might have been the subject of an amendment. No bond of any kind was given and hence the attempted appeal was a nullity. There was nothing to amend although it does not appear that appellant applied to the district court for leave to amend.

The judgment is affirmed.