Wayman v. Soller.

No. 21,384

VASHTI C. WAYMAN, *Appellant,* v. AUGUST SOLLER and T. C. DODD, *Appellees.*

### SYLLABUS BY THE COURT.

JURISDICTION—*Appeal—Amount Involved Less than $100.* In an action for the recovery of money only, in which a party is resisting the recovery of any amount and a judgment is rendered for $62, from which such party attempts to take an appeal, the amount in controversy as to such party is fixed by the amount of the judgment, and it being less than $100, no appeal lies. to the supreme court.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed March 9, 1918. Dismissed.

*Edgar Bennett,* of Washington, for the appellant.

*J. R. Hyland,* of Washington, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: T. C. Dodd filed a claim against the estate of O. H. P. Steele and Caroline Steele, deceased, in the sum of $103.03. It was duly exhibited to the administrator of the estate, August Soller, and on April 29, 1916, the probate court allowed the claim to the extent of $62, and assigned it to the fifth class. On May 3, 1916, Vashti C. Wayman, daughter and heir at law of Caroline Steele, filed notice of appeal to the district court from the order of the probate court, but she did not file her appeal bond until June 10, 1916. After the case was taken to the district court Dodd filed a motion to dismiss the appeal for the reasons (1) that the heir is not the proper party to take an appeal from the probate court, and (2) that the appeal bond was not filed and approved within thirty days from the date of the judgment. The district court sustained the motion, from which order this appeal is taken.

The heir plausibly contends, somewhat in line with the rule in *Sarbach v. Deposit Co.,* 99 Kan. 29, 160 Pac. 990, that she is an interested party, and is therefore entitled to an appeal from the allowance of a claim that will reduce the residue of the estate of which she was entitled to a part. Granting,

however, that an heir is entitled to an appeal, under the statute the steps to an effective appeal are to be taken within thirty days, which was not done in this instance. The defendants insist that the giving of bond is a prerequisite to the granting of an appeal, one equally as essential as notice and affidavit, which have been held to be indispensable, and they have cited authorities to sustain their contention, which are very persuasive. (*Spangler, Adm'r, v. Robinson,* 20 Kan. 682; *McClun v. Glasgow,* 55 Kan. 182, 40 Pac. 329; *McIntosh v. Wheeler,* 58 Kan. 324, 49 Pac. 77; *Pee v. Witt,* 100 Kan. 171, 163 Pac. 797.)

Although the questions raised for and against the right of appeal are simple, and the answers to them are obvious, it is equally obvious that as there is less than $100 involved this court is without jurisdiction to consider or determine them. The claimant asked the probate court for an allowance of $103.03. That court allowed $62 of the claim. The disallowance of $41.03 was to that extent a decision in favor of the heir, if she be an interested party, and also in favor of the administrator, who is not attempting to appeal. As to either of them $62 is the amount in controversy, and, as nothing else is involved than the recovery of money, the case is not appealable. (Civ. Code, § 566; *Richmond v. Brummie,* 52 Kan. 247, 34 Pac. 783; *Nuhfer v. Flanagan,* 87 Kan. 420, 124 Pac. 418; *Wilson v. Fisher,* 92 Kan. 786, 142 Pac. 241.)

The appeal is therefore dismissed.