*In re* Richards.

No. 22,410.

*In re* SARAH ANN RICHARDS, a Feeble-minded Person. THE STATE OF KANSAS, ex rel. MILES ELSON, as County Attorney of Smith County, *Appellee*, v. SARAH ANN RICHARDS, *Appellant.*

SYLLABUS BY THE COURT.

1. LUNACY PROCEEDINGS — *Appeal* — *No Statutory Affidavit Filed—Appeal Dismissed.* Before an appeal in a lunacy proceeding can be granted by the probate court, and before the district court can take jurisdiction of such appeal, an affidavit must be filed in the probate court, as prescribed by statute, showing that the appeal is not taken for the purpose of vexation or delay, but because the affiant believes that the appellant is aggrieved by the decision of the probate court.

2. SAME—*Effect of No Objection to Jurisdiction.* Want of jurisdiction of a cause cannot be cured by failure to make timely objection to the court's assumption of jurisdiction.

Appeal from Smith district court; RICHARD M. PICKLER, judge. Opinion filed January 10, 1920. Affirmed.

*L. C. Uhl,* and *L. C. Uhl, jr.,* both of Smith Center, for the appellant.

*E. S. Rice, W. S. Rice,* and *Miles Elson,* all of Smith Center, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: In this case, we are asked to review an order of the district court dismissing an appeal from the probate court in a lunacy proceeding.

On April 15, 1918, the petitioner, Mrs. Sarah Ann Richards, was adjudged by the probate court of Smith county to be a feeble-minded person. She appealed, and the probate court certified the proceedings to the district court. The case was tried *de novo* in the district court at the September term in 1918, and resulted in a verdict and judgment against Mrs. Richards. On September 21, 1918, the district court sustained the petitioner's motion for a new trial, and the cause was continued until the December term; and at that time the presiding judge being ill, the cause was again continued

until the March term in 1919. On April 7, 1919, the state filed the following motion:

"Comes now the plaintiff, the state of Kansas, and moves the court to dismiss the appeal attempted in the above entitled cause from the probate court, and dismiss the action for the reason no appeal has ever been taken or completed in said matter as no affidavit has been filed stating that the appeal was not taken for vexation or delay, as required by statute."

This motion was sustained, and the cause was dismissed. Was this error?

The statutory provision concerning appeals from the probate court to the district court which had been overlooked and omitted by Mrs. Richards' counsel reads:

"The applicant for such appeal, his agent or attorney, shall file an affidavit that the appeal is not taken for the purpose of vexation or delay, but because the affiant believes that the appellant is aggrieved by the decision of the court." (Gen. Stat. 1915, § 4677.)

Was the omission of this affidavit fatal to the appeal? Counsel for appellee cite cases in which it has been so held. (*Spangler, Adm'r, v. Robinson,* 20 Kan. 682; *McClun v. Glasgow,* 55 Kan. 182, 40 Pac. 329; *McIntosh v. Wheeler,* 58 Kan. 324, 49 Pac. 77.) These precedents lay it down dogmatically that the affidavit is a prerequisite to the granting of an appeal; that without it the probate court is without jurisdiction to grant the appeal, and the district court is without jurisdiction to entertain the appeal. (See, also, *Pee v. Witt,* 100 Kan. 171, 172, 163 Pac. 797; *Wayman v. Soller,* 102 Kan. 661, 171 Pac. 601.)

If the question were one which only concerned jurisdiction of the person, an informality might be waived; but the want of a statutory prerequisite to the conferring of jurisdiction of a cause cannot be waived. (In *Tucker v. Tucker,* 97 Kan. 61, 154 Pac. 269, it was said:

"This jurisdiction is vested by statute only, and no estoppel, laches or informality of a party can confer it. Neither does failure to raise the question relieve us of the duty to decline, even of our own motion, the exercise of jurisdiction which we do not possess." (Citing cases.) (p. 62.)

An effort was made to cure the defect in this proceeding by the belated filing of the requisite affidavit in the probate court. That would have been sufficient if the time for the appeal from the judgment of the probate court had not then expired,

but since the statute requires such appeals to be taken in thirty days—here it was nearly a year—the belated affidavit had no effect. (Gen. Stat. 1915, §§ 6101, 6131, and 4675-4682.)

These considerations leave nothing further to discuss. Apparently, Mrs. Richards must look to the provisions of sections 6123 and 6124 id. for such relief as can be afforded her, if her present mental condition would justify their invocation. (See, also, *The State v. Linderholm*, 95 Kan. 669, 677, 678, 149 Pac. 427.)

The judgment of dismissal is affirmed.