No. 29,093.

In the matter of the Probate of the Will of Lisa Hanson, Deceased.
OTTA A. HANSON et al., *Appellees,* v. JOHN F. HANSON, *Appellant.*

(289 Pac. 474.)

Opinion filed July 5, 1930.

*John F. Hanson,* of Lindsborg, *pro se.*

*Frank O. Johnson* and *J. R. Rhoades,* both of McPherson, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: John F. Hanson appeals to this court from an order of the district court dismissing his appeal from an order of the probate court admitting to probate the will of Lisa Hanson, deceased.

Lisa Hanson made her will August 11, 1927. She died on March 22, 1929. Her will was admitted to probate on March 27, 1929. On April 4, 1929, John F. Hanson, a son of Lisa Hanson and a beneficiary under her will, gave notice and filed his affidavit for appeal to the district court and presented a bond as follows:

"The undersigned appellant hereby authorizes said court to retain from any proceeds of said estate that he may be finally entitled to, such amount, if any, as appellant may be adjudged to pay by reason of costs made in this court and the district court in the hearing of the appeal herein as stated, from admitting the will herein to probate and appointing an executor, said court to pay said amount to parties or officers entitled thereto."

The bond was approved by the probate judge and the appeal was certified to the district court. In due time the executor and the other heirs filed their motion in that court to dismiss the appeal for the following, among other reasons:

"First: No appeal bond has been given or filed in this case as is required by law.

. . . . . . . . . . . . .

"Third: The said alleged appeal has not been taken as required by law.

"Fifth: The court has no jurisdiction to hear this alleged appeal."

That motion was sustained, but John F. Hanson was given thirty days in which to file an amended appeal bond. Instead of an appeal bond he filed an affidavit as follows:

"John F. Hanson, of lawful age, and being first duly affirmed, says: That he is the appellant in the above entitled matter. That he is a citizen of the United States and of the state of Kansas. That he has some property, but nearly all is encumbered or tied up in litigation, including probating of estates, so that it is not available as a basis for security for costs in this cause. That by reason of his poverty under the circumstances he is unable to give security for costs in this cause. That his cause in said matter is just and the appeal is not taken for vexation or delay. Further affirmant sayeth not."

Afterward another motion was filed to dismiss the appeal. That motion was sustained. From the order sustaining that motion John F. Hanson appeals.

It was contended that it was error to dismiss the appeal. Section 22-1101 of the Revised Statutes, in part, reads:

"Appeals shall be allowed from the decision of the probate court to the district court in the following cases:

"First: On all demands against an estate exceeding twenty dollars.

"Twelfth: On orders compelling legatees or distributees to refund.

"And in all other cases where there shall be a final decision of any matter arising under the jurisdiction of the probate court."

Section 22-1103 of the Revised Statutes provides that an appellant from the probate court should file an affidavit which shall contain certain statements. An affidavit in substantial compliance with the statute was filed. That affidavit must be filed or the district court does not have jurisdiction to hear the appeal. (*Spangler, Adm'r, v. Robinson,* 20 Kan. 682; *McClun v. Glasgow,* 55 Kan. 182, 40 Pac. 329; *Pee v. Witt,* 100 Kan. 171, 172, 165 Pac. 854; *Wayman v. Soller,* 102 Kan. 661, 662, 171 Pac. 601; *In re Richards,* 106 Kan. 105, 106, 186 Pac. 1025.)

Section 22-1104 reads:

"Every appellant shall file in the probate court a bond in such sum and with such security as may be fixed and approved by the probate court, conditioned that he will prosecute the appeal and pay all sums, damages and costs that may be adjudged against him: *Provided,* No executor or administrator shall be required to enter into bond to entitle him to appeal, except when he appeals from the order of removal or to pay over money to heirs, legatees, devisees, or in a suit growing out of an alleged maladministration of said executor or administrator, in which said case he shall be required to give bond."

If an affidavit must be made in substantial compliance with section 22-1103 before the district court can acquire jurisdiction to hear an appeal from the probate court it follows that a bond must be given in substantial compliance with section 22-1104 of the Revised Statutes, or the district court will not have jurisdiction to hear such an appeal. The bond first given by John F. Hanson did not comply with section 22-1104 of the Revised Statutes. That leaves for consideration the poverty affidavit filed by him after he had been given leave to file an amended appeal bond.

There is no statute which provides for a poverty affidavit in lieu of the bond required by section 22-1104 of the Revised Statutes on an appeal from the probate court to the district court. The statutory bond must be given or the district court is without jurisdiction to try the case. (*Lovitt v. Wellington & Western Rld. Co.*, 26 Kan. 297; *Beckwith v. K. C. & O. Rld. Co.*, 28 Kan. 484; *Applegate v. Young*, 62 Kan. 100, 61 Pac. 402; *Pee v. Witt*, 100 Kan. 171, 165 Pac. 854; *Wayman v. Soller*, 102 Kan. 661, 662, 171 Pac. 601.) It was not error to dismiss the appeal.

Complaint is made of a number of other matters, but the only matter that can be considered at the present time is the validity of the order dismissing the appeal. That is all that is before this court.

The judgment is affirmed.