This proceeding represents the contest of a will in the matter of R.H. Durkee, deceased. On appeal to the district court from the county court, it appears that there was no attempt to comply with sections 1401 and 1402, O. S. 1931, by the contestants in the proceedings on appeal but in lieu thereof contestants deposited and the court accepted $500. After the proceedings on the contest in the district court, a motion for a new trial was, filed, which was overruled, and the appeal is taken from the order in favor of the defendants in error. Ralph Minor and Ruth Minor.
They have filed a motion to dismiss in this court for the reason that the district, court never obtained jurisdiction of the appeal. A response has been filed in which it is urged, first, that this is not a proper method of attacking the defects in an appeal, if any; and, second, that the court was authorized to accept in lieu of the bond provided by the statutes relative thereto a cash deposit such as was made in this case.
Our court does not seem to have passed directly upon this proposition, and no case, has been cited by either party directly in point in this jurisdiction.
At 2 Cyc. page 824, the rule is stated as follows:
"Unless it is expressly authorized by statute, depositing money in court does not meet the requirements of a statute providing for an undertaking on appeal."
In Gordon v. Camp, 2 Fla. 23, it is stated:
"Filing money in court to be substituted for the personal security required in the plaintiff's bond under that act will not meet the requirements of the act."
There the court had before it the act of February 12, 1836, which changed the method of appeal, which was prior to that similar to our appeals, into a writ of error. In Alvord Son v. Mallory, 10 Ky. L. Rep. 80, the court said in syllabus:
"On appeal from chancery court, the court is not authorized to accept money in lieu of bond for costs."
To the same effect, although not involving in every particular a bond, but announcing the rule that the statute requiring the bond is jurisdictional, see Pee v. Witt,100 Kan. 171, 163 P. 797; Beckwith v. K. C. O. R. Co., 18 Kan. 484; Lovitt v. Wellington Western Ry. Co. 26 Kan. 297; Applegate v. Young, 62 Kan. 100, 61 P. 402; Wayman v. Soller,102 Kan. 661, 171 P. 601; In re Hanson's Will (Kan.) 289 P. 474.
In Beckwith v. K. C. O. R, Co., supra, *Page 361 
a deposit of $50 was made in lieu of an appeal bond; plaintiff moved to withdraw the $50 deposit after a motion to dismiss had been tiled. The court refused to permit him to withdraw the $50 and substitute the statutory bond, and in dismissing the appeal said:
"The deposit was intended as a substitute for a bond, but the statute makes no provision for a party to deposit money as security in lieu of the undertaking or bond. On the other hand, the statute specifically enumerates what the undertaking shall contain and the conditions thereof. (Comp. Laws 1879, ch. 23, sec. 86; Id., ch. 81, secs. 121, 122.) As the plaintiff wholly failed to enter into an undertaking as required by the statute, and as the statute nowhere authorizes money to be deposited in lieu of an undertaking for an appeal, in such cases as this, the rulings of the district court were correct. (Lovitt v. R. Co., 26 Kan. 297.) Counsel for plaintiff refer to the difficulty of obtaining personal security on a written undertaking for an appeal, especially where an appellant is a nonresident, and urge at great length that this court should declare that money deposited may be accepted in lieu of a written undertaking. The law is otherwise, and we cannot legislate. If the hardship of the law is as great in these particular cases as counsel contends, the argument presented to us might properly be addressed to the Legislature. We cannot change the law, and we simply perform our duty in declaring the law as it exists."
The provisions of sections 1401 and 1402, O. S. 1931, are as follows:
"The appeal must be made:
"First. By filing a written notice thereof with the judge of the county court, stating the judgment, decree, or order appealed from, or some specific part thereof, and whether the appeal is on a question of law, or of fact, or of both, and, if of law alone, the particular grounds upon which the party intends to rely on his appeal; and,
"Second. By executing and filing within the time limited in the preceding section, such bond as is required in the following sections. It shall not be necessary to notify or summon the appellee or respondent to appear in the district court, but such respondent shall be taken and held to have notice of such appeal in the same manner as he had notice of the pendency of the proceedings in the county court.
"The appeal bond shall be in such sum as the county court shall require and deem sufficient, with at least two sufficient sureties to be approved by the judge, conditioned that the appellant will prosecute his appeal with due diligence to a determination, and will abide, fulfill and perform whatever Judgment, decree or order may be rendered against him in that proceeding by the district court, and that he will pay all damages which the opposite party may sustain by reason of such appeal together with all costs that may be adjudged against him; and such appeal bond shall stand in lieu of the cost; bond and the cost deposit required in section 764 of the Compiled Statutes of Oklahoma 1921 (511 herein) and the court clerk shall not require either cost bond or cost deposit in such appeal cases."
In the case of Sutter v. Sockey et al., 97 Okla. 107,223 P. 161, in a syllabus by the court we said:
"The manner of prosecuting appeal from orders of the county court in probate matters to the district court is prescribed by section 1414, Comp. St. 1921 (1401, O. S. 1931), and must be complied with in giving notice of appeal as prescribed in the first subdivision of said section; and the appeal bond must be filed within the time fixed in the second subdivision."
In Adair v. Montgomery, 74 Okla. 21, 176 P. 911, this court said:
"Before the district court can hear and determine a cause appealed from the county court in a probate proceeding, its appellate jurisdiction must be invoked by a strict compliance with the requirements of the statute regulating such appeals.
"The appeal bond required by section 6504 and section 6505, Rev. Laws 1910 (1401-1402, O. S. 1931), is jurisdictional, and cannot, in the absence of a statutory provision be waived by the court or the parties. Such bond is required not only to protect the rights of the appellee, but also on the ground of public policy, and for other reasons."
Can the probate judge, in view of the statement above, accept a cash deposit in lieu of such bond? We think not. To ignore the plain directions of such a statute would be as much a waiver of the requirements thereof as to fail to accept the bond denominated therein. To permit the court to ignore the plain provisions of such a dictate would be an unwarranted interference with legislative direction.
We have held that the statutory requirements relative the giving of a bond on appeal from the justice of the peace court is mandatory, and that a party is not authorized in lieu of such bond to substitute another and different bond by agreement of the parties. Washburn v. Delaney, 30 Okla. 789, 120 P. 620. We have also held that a court cannot require a cash deposit in *Page 362 
lieu of a bond. C., R.I. P. Ry. Co. v. Rich, 59 Okla. 187,158 P. 358.
In Pee v Witt, supra, the Kansas court in the syllabus said:
"An appeal bond is essential to the granting of an appeal from the decision of the probate court; and, while a cash deposit may be accepted as security with a bond, there is no authority in the statute for the acceptance of a cash deposit as a substitute for a bond."
Further in that case the court said:
"The appellant insists that a cash deposit may be substituted for the bond as it answers the purpose of a bond and affords as much protection as a bond could give. The statute does not authorize a substitute for the bond, nor that the appeal may be allowed if something affording the opposite party equal protection shall be given, and the court is not warranted in modifying the legislative requirement because it might think that some substitute would be equally effective. Statutes providing for appeals are to be liberally construed in furtherance of the right of appeal, but the right is wholly within legislative control and the statute is not open to a construction that would dispense with an appeal bond or authorize the acceptance of something in lieu of it. Beckwith v. K. C. O. R. Co., 28 Kan. 484. See, also, Lovitt v Wellington Western R. Co., 26 Kan. 297; Applegate v. Young,62 Kan. 100, 61 P. 402."
In the case of Drainage Dist. No. 5, Okla. Co., v. Farrell,32 Okla. 381, 122 P. 698, this court had before it a bond on appeal from a proceeding before the county commissioners. The plaintiffs had moved to dismiss for failure to execute a proper bond. The court, citing Beckwith v. K. C. O. R. Co., supra, said:
'This case is not in point. The case of Beckwith v. Kansas City O. R. Co., supra, cited by counsel, is not in point for the reason that there was no bond of any kind filed upon which to base the appeal; and, there being no bond of any kind, regular or irregular, the court properly held that the appellate court acquired no jurisdiction."
Continuing on the same line of argument we said:
"We think that under this statute the correct rule is that, if no bond is given, or one is filed which is so defective in form and substance as to be a nullity, the district court would acquire no jurisdiction on appeal. But, if a bond is given that by its terms is a valid and binding obligation, and sufficiently describes the parties, the court, and the judgment or order appealed from, and is accepted and approved by the proper officer, then, notwithstanding it may have defects or irregularities, it is not absolutely void, but may, upon timely application therefor, be amended, or a new bond given in the district court."
The above language indicates an early intent by our court to follow the rule announced by the Kansas court in Beckwith v. K. C. O. R. Co., supra.
Several cases are cited by the appellee herein to the effect that a defective or insufficient bond does not deprive the court of jurisdiction. In our opinion these cases are not in point. As pointed out in the Kansas case, Jarrard v. McCarthy,95 Kan. 719, 149 P. 696, there is a great difference between attempting to substitute cash in lieu of a statutory bond and in attempting to furnish a bond under the statute which is either defective or insufficient and subject to amendment. We do not deem it necessary to discuss the cases further than to say that in each of those cited by the appellant there was an attempt to furnish a bond under the statute which was for some reason either defective or insufficient, in which eases courts are very liberal in allowing a new or supplemental bond. Jarrard v. McCarthy, supra; In re Wah-Kon-Tah-He-Um-Pah's Estate, 109 Okla. 126, 234 P. 210; Barnett v. Blackstone Coal Mining Co., 60 Okla. 41, 158 P. 588.
We now come to the statement by the appellant herein that a motion to dismiss is not the proper method of attacking the failure to give the bond on appeal to the district court. This court has always held that it may of its own right inquire into its jurisdiction. Howard v. Arkansas, 59 Okla. 206, 158 P. 437; Jones v. Toomey, 115 Okla. 160, 241 P. 1105; Zahn v. Obert,60 Okla. 118, 159 P. 298. In Howard v. Arkansas, supra, the court said:
"The question of jurisdiction is primary and fundamental in every case, and cannot be waived by the parties or overlooked by the court. It is the bounden duty of the court to examine into its jurisdiction, whether raised by any party or not, and sua sponte to determine its own jurisdiction."
It necessarily results, therefore, that, as the district court acquires no jurisdiction by failure to give an appeal bond, which we hold, this court has no jurisdiction of the appeal.
The appeal is therefore dismissed.
McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. *Page 363