No. 33,487

In re Estate of Charles H. Johnson, Deceased (EDWARD IVERSON, Executor, *Appellant,* v. Claim of JULIUS ZABEL, *Appellee*).

No. 33,688

In re Estate of Charles H. Johnson, Deceased (EDWARD IVERSON, Executor, *Appellee,* v. Claim of JULIUS ZABEL, *Appellant*).

(75 P. 2d 813)

Opinion filed January 29, 1938.

*W. P. Waggener, J. M. Challiss, O. P. May* and *B. P. Waggener,* all of Atchison, for the executor.

*P. Hayes,* of Atchison, for Julius Zabel.

The opinion of the court was delivered by

THIELE, J.: Two appeals growing out of an attempt to appeal from an order of a probate court to a district court have been consolidated for consideration and decision.

Julius Zabel filed his demand in the probate court against the estate of Charles H. Johnson, deceased, and on hearing it was not allowed. He gave timely notice of appeal to the district court and filed a bond, the condition of which was:

" . . . that if said appellant will prosecute his said appeal to effect and without unnecessary delay and that if judgment be rendered against him on appeal, they will satisfy such judgment and costs."

In the district court the executor of the estate moved to dismiss the appeal because of claimed insufficiency of the bond, it being contended it was not conditioned as provided by statute. This motion was presented to the district court, but before decision was made Zabel asked for permission to file an amended bond. Thereupon the court denied the executor's motion to dismiss and from that ruling the executor attempts to appeal to this court, that being the first appeal as above entitled. Under permission granted, Zabel filed an amended appeal bond, conditioned—

" . . . that the said Julius Zabel, as such claimant, will prosecute his appeal and will pay all sums, judgments, damages and costs that may be adjudged against him, said Zabel, on appeal.

"And if said Julius Zabel shall prosecute this appeal without unnecessary delay, and if judgment be rendered against said Zabel on appeal, said Zabel will satisfy said judgment, costs and damages, and in such event this undertaking shall be null and void."

After this amended bond had been filed, the executor filed his motion to dismiss the appeal for the reason that neither the appeal bond nor the amended appeal bond was conditioned as required by law. This motion was sustained and the appeal dismissed, and from this order Zabel appeals to this court, being the second appeal as above entitled.

Referring to the first appeal, it may be observed that complaint is made because the district court refused to dismiss the appeal from the probate court. It has been held repeatedly that denial of a motion to dismiss an appeal is not a final order and that an appeal to this court from such an order does not lie. (*Wiegand v. Wilson,* 107 Kan. 445, 193 Pac. 1065; *Clothier v. Wallace,* 135 Kan. 347, 10 P. 2d 889; *Marsol Credit Co. v. Blacker,* 144 Kan. 632, 62 P. 2d 914; *Heiman v. State Highway Comm.,* 146 Kan. 315, 69 P. 2d 685.) The executor's appeal must be dismissed. The dismissal of the appeal, however, does not determine the whole matter.

Referring to the second appeal, the essence of Zabel's complaint is that the trial court erred in holding his second appeal bond was not conditioned as required by law. The statute providing for bond on appeal from the probate court to the district court is that it shall be "conditioned that he will prosecute the appeal and pay all sums, damages and costs that may be adjudged against him." It is the

executor's contention that the first bond did not comply with the statute because it did not specifically state appellant would pay *all sums,* damages and costs that might be adjudged against him, and that the second bond was not conditioned according to law because of the inclusion of the words "on appeal" in both of the paragraphs above quoted. In support of his contention the bonds were not sufficient, the executor relies on the recent series of cases having to do with appeals from the justice court to the district court following the enactment of Laws 1931, chapter 229 (G. S. 1935, 61-1001, 61-1002, 61-1002a, 61-1003, 61-1003a), whereby the method of appeal in such cases was materially changed. See *Jensen v. City of Chanute,* 146 Kan. 162, 68 P. 2d 1080, arising under another statutory appeal provision, but where the above-mentioned series of cases are cited. We deem it unnecessary to specifically refer to these cases or to discuss them for reasons hereafter given, further than to here remark the appeal bonds therein mentioned all failed to comply with the statutory requirements.

It is interesting to note that insofar as the condition of a bond on appeal from the probate court to the district court is concerned that in Acts of 1859, chapter 35, section 235, appearing in the Compiled Laws of 1862 at page 546, it was provided that the bond should be "conditioned that he will prosecute the appeal, and pay all *debts,* damages and costs that may be adjudged against him." (Italics ours.) In the 1868 revision the word "debts" was changed to "sums" (G. S. 1868, ch. 37, sec. 191), and in respect to the condition has never since been changed. (See G. S. 1935, 22-1104.)

The effect of the condition is that appellant will pay any judgment against him for sums, damages and costs, and the very fact of appeal would seem to mean that it is the judgment of the district court on appeal that he will satisfy. If that be true, what was wrong with either the first or second bond given? As to the first bond, the contention is made that it is insufficient on the assumption that the exact statutory language had to be used in order for it to be good.

In *Jarrard v. McCarthy,* 95 Kan. 719, 149 Pac. 696, a similar contention was made with respect to sufficiency of the affidavit accompanying a notice of appeal from the probate court to the district court, the affidavit stating the appeal was "made in good faith and not for the purpose of willful delay," whereas the statutory language

was, it was "not taken for the purpose of vexation and delay," etc. In disposing of the contention it was said:

"We think the variance is immaterial. If the notice of appeal was made in good faith, then the appeal was in good faith; and since it was avowed to be in good faith and not for the purpose of willful delay, we must hold that the fair import of that recital was the same as an averment that the appeal was not taken for the purpose of vexation and delay, but because the affiant believed that the appellant was aggrieved by the decision of the court. This is in harmony with section 3630 of the General Statutes 1909, with section 581 of the civil code, and with the twentieth century spirit which pervades and ought to pervade the administration of justice." (p. 721.)

In *Hanson v. Hanson*, 131 Kan. 27, 289 Pac. 474, cited by the executor, the bond offered by the appellant utterly failed to comply with statutory requirements. In *Pee v. Witt*, 100 Kan. 171, 163 Pac. 797, no attempt to give a bond was made; the attempt was to make a cash deposit in lieu. It was held the bond requirement was statutory, and the case was distinguished from *Jarrard v. McCarthy*, supra, where a bond with cash security was approved.

We are of the opinion that the effect of the statutory condition is that appellant will pay any judgment against him for "sums, damages and costs," and that a bond conditioned he will pay such judgment and costs is a substantial compliance with the statute, and therefore that the first bond given was sufficient, unless it be for reasons mentioned on account of the inclusion of the words "on appeal" which appear in both the first and second bonds.

The executor concedes that the second or amended bond contains the statutory condition, but urges that it contains in addition the words "on appeal" and that the inclusion makes the bond bad. The argument is that the purpose of such a bond is not only to secure the appellee for the sums and judgment he may recover, and his costs, but also damages to which he may be entitled on the appeal, or that he might recover in a separate action such as for malicious prosecution. It may be observed that if such separate action would lie, it would be because of the filing of the claim in the probate court, and not because of the appeal. The statute requiring bond, moreover, was enacted in connection with prosecution of appeals and not to create a liability growing out of the institution of any action or proceeding to recover on a claim. It would appear the purpose of the statutory condition was to secure the judgment rendered on appeal, and not otherwise, and we so hold.

From what has been said it follows our conclusion must be that

the first bond was sufficient, that the second bond, although unnecessary, was also sufficient, and that in the matter involved in the second appeal, the trial court erred in sustaining the motion to dismiss the appeal from the probate court.

The order of the district court dismissing the appeal is reversed.