Carl E. SILER and Mrs. Carl E. Siler,
Plaintiffs in Error,

v.

Joe E. TAYLOR and Mrs. Joe E. Taylor,
Defendants in Error.

No. 39916.

Supreme Court of Oklahoma.

Feb. 26, 1963.

Don Manners, Oklahoma City, for plaintiffs in error.

John F. Eberle, Oklahoma City, for defendants in error.

HALLEY, Vice Chief Justice.

This is an appeal from an order of the Children's Court of Oklahoma County in

case number 371 overruling a motion to vacate a decree of adoption of a minor child. We will refer to the records of this and other cases by case number and in chronological order to show the facts leading up to this appeal.

A petition in the Children's Court of Oklahoma County in case number 13858 was filed by Mr. and Mrs. Joe E. Taylor on January 7, 1960, to have a hearing in the matter of Ginger Lee Siler, a female child born July 30, 1959, to adjudge whether or not she was a dependent and neglected child. The journal entry of decree shows that the natural parents, Donald and Carolyn Jean Siler, appeared in the matter at the hearing on April 6, 1960, in person and by counsel. The decree declared the child to be a dependent and neglected child and ordered that the parents were thereby judicially deprived of all parental rights to the child, and further ordered the child placed in the permanent care and custody of Mr. and Mrs. Taylor, who are related by blood to the child, with authority of the court to adopt the child, the court reserving authority to consent to the adoption. The natural parents excepted to the ruling and gave notice of intention to appeal to district court.

On April 27, 1960, Mr. and Mrs. Taylor (hereafter called adopting parents) filed a petition for adoption, which is case number 371 in the Children's Court. On May 2, 1960, the Children's Court entered an order of consent to such adoption by the court, which order was certified and attached to the petition for adoption.

Thereafter on May 26, 1960, the District Court of Oklahoma County entered its order in its case number 150,003 directing the Children's Court to certify the proceedings in Children's Court case number 13858 (the dependent and neglected child matter) to the district court for the purpose of appeal without bond. The transcript of proceedings was filed in district court case number 150,003 on June 2, 1960. After trial de novo in the district court, at which the natural parents appeared in person and by

counsel, the decree and orders of the Children's Court were affirmed on March 15, 1961. The natural parents filed a motion for new trial which was overruled on June 21, 1961. Although the natural parents excepted and gave notice of intention to appeal to the Supreme Court, no appeal was perfected.

On August 10, 1961, a decree of adoption in Children's Court case number 371 was made and entered declaring the child to be legally adopted by the adopting parents.

Carl E. and Alice A. Siler, the plaintiffs in error herein, who are the paternal grandparents of the adopted child, filed a motion to vacate the adoption. The motion was ordered dismissed and they appeal from that order. Because of the importance of this matter to all parties concerned, we do not decide whether the plaintiffs in error are proper parties to appeal, but we pass on to the merits of the appeal.

Plaintiffs in error in their brief first contend that the Children's Court had no jurisdiction to entertain a petition for adoption with a consent signed by the Judge of the Children's Court prior to the determination by the district court (case number 150,003) of the appeal of Children's Court case number 13858.

■ They cite several cases for the proposition that the jurisdiction of the trial court is suspended after a matter has been brought within the jurisdiction of an appellate tribunal until the matter is decided by the appellate court. On the other hand the defendants in error, the Taylors, insist that no appeal bond was ever filed by the parents of the child in their appeal to the district court and that under identical appellate probate cases the district court never obtained jurisdiction of the appeal, citing Barnes v. Logsdon, 178 Okl. 645, 63 P.2d 964, and In re Durkee's Will, 175 Okl. 360, 53 P.2d 576. They also call our attention to 20 O.S.1961 § 901, wherein it is provided in substance that the pendency of an appeal from the Children's Court to the District Court shall not suspend the order of the Children's Court regarding a child, nor

shall it discharge the child from the custody of that court or of the person to whose care such child shall have been committed, unless the District Court shall so order.

We are of the view that it is unnecessary to consider these arguments. If we assume the jurisdiction of the Children's Court was suspended during the pendency of the appeal in the district court, does it follow that the Children's Court has not given its consent to the adoption? We do not believe so. If the district court had reversed the Children's Court the consent would have been a nullity. When the judgment of the Children's Court was approved by the district court and became final we think the Children's Court was authorized to affirm or disaffirm its former consent, and if affirming, to proceed with the adoption proceedings. The court entered the order of adoption with knowledge that it must first give its consent. The court's affirmance of its former consent necessarily inheres in its order of adoption, else it would not have entered the order of adoption.

The second and final contention of the plaintiffs in error is that the Children's Court was without authority to grant a decree of adoption without notice to the natural parents as required by the Uniform Adoption Act (10 O.S.1961 §§ 60.1–60.23). They cite as authority for this proposition the recent case of Copas v. Reents, Okl., 365 P.2d 983. That case was one wherein Copas filed a petition in the Children's Court of Oklahoma County to judicially deprive the natural parents of all parental rights to their child. We held that ordinarily, absent waiver thereof, valid service of summons or notice upon a necessary party is a jurisdictional requirement in order for the court's judgment to be binding upon such party. Since the natural mother had not been properly served with such notice, the order purporting to judicially deprive the natural parents of all parental rights was properly vacated as was the adoption decree in a related adoption proceeding based on consent given by reason of the first proceeding.

The cited case is not in point with the instant case. Herein, the natural parents made no claim (nor do the plaintiffs in error in this appeal make the claim) that they failed to receive proper and valid notice of the proceedings in case number 13858, which was brought to judicially deprive them of all parental rights to their daughter and to place the child for adoption with the consent of the Children's Court. The natural parents in the case at bar appeared and contested the matter. They then perfected their appeal for a trial de novo in the district court wherein a jury returned its verdict against the natural parents, upon which verdict the district court entered its judgment affirming the orders and decrees of the Children's Court and remanding the cause to the Children's Court for such further action as it should find proper under the law. No appeal was taken from that judgment.

We find that the notice to the natural parents in the instant case was proper and valid and that the Children's Court was justified and authorized to give its consent to the adoption of the child by the adopting parents. The consent given by the Children's Court fully meets the requirements of the Uniform Adoption Act as provided in 10 O.S.1961 § 60.5:

"An adoption of a child may be decreed when there has been filed written consent to adoption executed by:

\* \* \* \* \* \*

"(5) Any person having legal custody of a child by court order if the parental rights of the parents have been judicially terminated, but in such case the court having jurisdiction of the custody of the child must consent to adoption, and a certified copy of its order shall be attached to the petition. \* \* \*"

The provisions in 10 O.S.1961 § 60.8 (concerning an application for adoption without consent of a parent and requiring a hearing, upon notice, to determine the reason the consent of a parent is not necessary) are inapplicable to the instant case wherein the

Children's Court in a related proceeding had already determined, upon proper notice to the natural parents, the reason the consent of the parents was not necessary. The reason found by the court was that the natural parents were judicially deprived of all parental rights to the child because of their gross neglect of duty toward the child, which is a proper reason provided in 10 O.S.1961 § 60.7, for allowing adoption without the consent of a natural parent. Cf. Application of Lear, Okl., 287 P.2d 447.

Affirmed.

BLACKBIRD, C. J., and WELCH, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.

DAVISON and IRWIN, JJ., concur in result.